## HOOGENDORN v. NELSON GULCH MINING CO.

(Second Division. Nome. September 17, 1910.)

### No. 2175.

1. WATERS AND WATER COURSES (§ 13*)—APPROPRIATION—BENEFICIAL USE—MINES AND MINERALS.

It is a well-settled principle of law that a party claiming the right to the use of water must be in a position to apply the water to some beneficial use before he can complain that another is diverting or using the water. It does not appear from the complaint that plaintiff could now in any way use the water or apply it to any beneficial use, and until he can do so it can be no injury to him for the defendant to use it.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 6; Dec. Dig. § 13.*]

2. WATERS AND WATER COURSES (§§ 16, 18*)—NOTICE OF APPROPRIATION—EFFECT.

The mere posting of a notice claiming a certain number of inches of water does not constitute an appropriation. It is only one of the steps, usually the initial step, in making a valid appropriation; and if proper notice is posted, and the other steps are taken with diligence and in due time, the appropriation would relate back to the first or initial step.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 8, 10; Dec. Dig. §§ 16, 18.*]

3. WATERS AND WATER COURSES (§ 12*)—APPROPRIATION.

To constitute a valid appropriation of water, three elements must always exist: First, an intent to apply to some beneficial use existing at the time or contemplated in the future; second, a diversion from the natural channel by means of a ditch, canal,

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

or other structure; and, third, an application of it within a reasonable time to some useful industry.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 5; Dec. Dig. § 12.*]

This is an action brought by plaintiff to restrain the defendant corporation from constructing its ditch so as to interfere with and injure the ditch of plaintiff, and to enjoin said defendant corporation from maintaining its dam, or any dam or obstruction, that will prevent the flow of 2,000 inches of water through plaintiff's ditch, and asking that the dam already constructed be abated, and praying for damages in the sum of $2,000.

Plaintiff claims to have purchased a certain water right alleged to have been appropriated or located by one Frank Malfatti on the 7th day of August, 1908, which water right was actually conveyed to plaintiff by said Malfatti on the 8th day of June, 1909, though plaintiff alleges that he had an oral agreement with said Malfatti for the conveyance of said water right since about the 21st day of August, 1908, and that after the purchase of said water right, and subsequent to the 22d day of September, 1908, plaintiff, with all necessary and due diligence, proceeded to survey the line of his ditch and perform certain other work upon the line of said ditch in the way of commencing the construction thereof, and that in the year 1909 completed said ditch from its proposed point of diversion to certain claims owned by him on the Inmachuck river, upon which he intended to operate by means of said water to be conveyed through said ditch.

The only acts of appropriation alleged by plaintiff to have been performed by Malfatti was the posting of a notice at a point on or near the Inmachuck river, in the Fairhaven recording district, a copy of which is attached to the complaint and made a part thereof. The notice is not dated, though it appears to have been recorded on October 29, 1908.

The plaintiff also alleges that on the 22d day of September, 1908, one Wentworth made a location of the water right just above the point where Malfatti's notice of location was posted,

which location is alleged to have been made by Wentworth at the expense of and for the benefit of the defendant company, and that the defendant company immediately thereafter commenced the construction of a ditch, and in May of 1909 erected a substantial dam across said river and diverted the waters of said river from its natural channel into defendant's ditch.

E. E. Fuller, for plaintiff.

Ira D. Orton, of Seattle, Wash., for defendant.

MURANE, District Judge. There is no allegation in plaintiff's complaint that plaintiff has ever diverted the water of the Inmachuck river from its natural channel, or that he is now ready or in a position to divert the water of said river from its natural channel and into his ditch. Upon this complaint and certain affidavits in support thereof, plaintiff has appplied for an injunction pendente lite, which application is resisted by the defendant company, and to which complaint the defendant company has filed a demurrer alleging that the complaint does not state facts sufficient to constitute a cause of action.

If the demurrer is well founded, it will necessarily dispose of the application for an injunction pendente lite. It is a well-settled principle of law that a party claiming the right to the use of water must be in a position to apply the water thus claimed to some beneficial use before he can complain that another is diverting or using the water. It does not appear from the complaint that plaintiff could now in any way use the water, nor will he be in a position to apply the same to any beneficial use, until such time as he has completed his ditch and constructed a dam whereby he can turn the waters of the Inmachuck river into his completed ditch. And of course, until plaintiff can use the water himself, it can be no injury for others to use it. The other injuries complained of by plaintiff, such as the filling of portions of plaintiff's ditch by dirt and débris from defendant's ditch, are allegations of mere naked trespass, containing nothing in the nature of waste, and for which plaintiff has a plain and adequate remedy at law. As is well said in the case of Nevada County & Sacramento Canal Co. v. G. W. Kidd et al., reported in 37 Cal. 282:

"The principles established in the cases cited are founded on reason. The doctrine is that no man shall act upon the principle of the dog in the manger, by claiming water by certain preliminary acts, and from that moment preventing others from enjoying that which he is himself unable or unwilling to enjoy, and thereby prevent the development of the resources of the country by others. Anybody else may divert and use all the water, be it more or less, that a prior claimant is not in a present condition to use, and, by lack of diligence on his part in pursuing and perfecting a prior inchoate right, may acquire rights even superior to his. * * * In view of this principle, suppose, by way of illustration, that the plaintiff had located its site for a dam and canal, and claimed the waters of the South Yuba river, and commenced the construction of a dam and canal, but, in consequence of the magnitude of the work, was unable for several years to divert or use the water, and in the meantime the defendants, being men of greater pecuniary ability, should subsequently locate another claim above or near the plaintiff's and a canal running parallel with the plaintiff's, and be in a condition to divert and use the water in half the time; their acts, provided there was no interference with the plaintiff's site and location, or obstruction to the prosecution of its work, would be no injury to plaintiff, or cause of action in its favor. The plaintiff in such case has, as yet, no right to the water so far perfected that a diversion or use by other parties is an interference or injury. * * * So if, before the right of plaintiff to the water should have become perfected, while constructing its dam and canal with a view to a future diversion and actual appropriation of the water the defendants should trespass upon and destroy the works or take possession of the site a cause of action would arise but it would be an entirely different cause of action from the other, arising from a diversion of the water, and not identical with it in law or in fact. An action for damages for the injury done, or to recover the possession of the site, would be the remedy. The right to the water does not yet exist, and it may never vest. The most that is in esse is a right to acquire, by reasonable diligence, a future right to the water."

The mere posting of a notice claiming certain number of inches of water does not constitute an appropriation. It is only one of the steps, usually the initial step, in making a valid appropriation, and if a proper notice is posted, and the other steps are taken with diligence and in due time, the appropriation would relate back to the first or initial step. There are many authorities holding that the posting of a location notice is not an essential step in the appropriation of water, and that the appropriation dates to the time of the application of the water to a beneficial purpose.

As said in section 668, vol. 2, Farnham on Water and Water Rights:

"An appropriation is not made until there has been an actual application of the water claimed to some beneficial purpose or some useful industry. All rights claimed prior to this, at whatever step in the process, amount simply to a claim for appropriation. * * *. There can be no constructive appropriation, but only an actual, physical performance of every essential requisite from the time the purpose is definitely conceived down to the ultimate use of the water in connection with the advancement of some useful and beneficial industry."

In the case of Nevada Ditch Co. v. Bennett, 30 Or. 87, 45 Pac. 472, 60 Am. St. Rep. 777, and also in Low v. Rizor, 25 Or. 557, 37 Pac. 82, we find the following language:

"To constitute a valid appropriation of water, three elements must always exist: First, an intent to apply it to some beneficial use, existing at the time or contemplated in the future; second, a diversion from the natural channel by means of a ditch, canal, or other structure; and, third, an application of it, within a reasonable time, to some useful industry."

To the same effect are the cases of Harvey v. Chilton, 11 Cal. 114, and Union Water Co. v. Crary, 25 Cal. 504, 85 Am. Dec. 145.

Plaintiff's complaint, viewed in the light of these authorities, fails to show an appropriation of water from the Inmachuck river. The most that is shown by the complaint is that plaintiff has taken some of the steps required to effect a valid appropriation, but the most essential steps have not yet, according to the plaintiff, been taken and may never be taken. Under such a state of facts, a court of equity could not lend its aid by enjoining the use of the water by any other person wishing to appropriate it.

The demurrer to the complaint is therefore sustained, and the motion for an injunction pendente lite denied. Plaintiff is given ten days in which to amend his complaint.