MERCHANTS' NATIONAL BANK OF THE CITY OF NEW YORK v. SAMUEL and another.[1]

(*Circuit Court, E. D. Missouri.* April 10, 1884.)

NEGOTIABLE INSTRUMENTS—PAYMENT BY CHECK—LIABILITY OF DRAWER.
Where the indorsee of a draft accepts the drawee's check in payment, instead of cash, and neglects to present it for payment or certification until the next day, and the check is dishonored in consequence of the delay, and the draft has to be protested for non-payment, the drawer cannot be held liable.

Instruction of Court on Motion to Nonsuit.

This was a suit by the plaintiff, as indorsee of a draft, against the defendants as drawers. The draft was payable at sight. It was received by the plaintiff on the eighteenth of June, 1883, and presented for payment on the same day. Instead of paying cash the drawers gave the plaintiff a check on their bank in New York, which was accepted without direction or authority, and the draft was delivered up to the payee. The check was not presented for payment until the next day, June 19th, and when presented was dishonored. Upon payment being refused, the plaintiff went to the drawees of said draft and returned the check and received the draft back again, and upon the same day had it protested for non-payment. Thereafter it instituted this suit.

The case was tried before a jury, and, the above facts appearing in

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

evidence, the defendants moved the court to enter a nonsuit. The court thereupon charged the jury as follows:

*Finkelnburg & Rassieur*, for plaintiff.

*McKerghan & Jones*, for defendants.

TREAT, J., (*charging jury.*) The draft in question having been sent forward to New York for acceptance and payment, if the same was accepted, being a sight draft, and a check received in payment, during bank hours, instead of cash, and the said check was retained in plaintiff's possession, instead of having the same collected or certified on the same day during bank hours; if said check could have been presented for payment, or certification had, during the banking hours of the same day; and if the said check had been presented on the same day, and would have been paid if presented; and if the said check was not presented until the following day, and in the intermediate time the funds of the drawer of the check had been exhausted, and consequently said check dishonored,—the verdict must be for the defendant. This instruction is based upon the proposition that when a loss is suffered under the circumstances stated, the loss must fall upon the party through whose negligence the same occurs.

The payment of the draft was to be in cash; and if anything except cash was received, and in consequence thereof the drawer of the draft was damnified, then the damages sustained he has a right to be indemnified for by the negligent party. In this case, the plaintiff bank having received the draft, and presented the same, and received a check for the amount thereof instead of cash, the drawee having had funds to meet his check, which would have been paid if presented that day, and before the said check passed through the clearing house on the next day the drawers, Parks & Co., whose check had been received, had failed, whereby the check was dishonored, the loss so caused must fall on the plaintiff, and not on the defendant. The draft should have been paid in cash; and if the plaintiff chose to receive, instead of cash, the drawee's check, it did so at its own risk, and, if any loss followed, the plaintiff must bear the same.

At the defendant's request, the court then charged the jury as follows: "The court instructs the jury to find for the defendants;" and they returned a verdict for the defendant accordingly.

A motion for a new trial has since been filed by the plaintiff, and, after being duly considered, has been overruled.