## DIAMOND MILL COMPANY v. GROESBECK NATIONAL BANK.

### No. 556.

**1. Negligence—Collection by Bank—Charge of Court.**—Plaintiff's petition, in an action against a bank for the amount of an accepted draft sent it for collection, alleged that the bank negligently held the draft for over a month and then returned it; that by the use of reasonable diligence it could have made the collection; and that the acceptors having failed not long after the draft was returned, plaintiff had thereby lost his debt. There was evidence supporting these allegations. *Held,* that it was error in the court to refuse to submit the issue of negligence on the part of the bank with reference to the draft.

**2. Same.—Evidence—Diligence.**—Defendant having pleaded that plaintiff, between the time the draft was returned and the failure of the acceptors, could have collected the draft had he made any effort to do so, it was error to exclude letters written by plaintiff to the acceptors during such time, tending to show diligence by him in an effort to collect the draft.

APPEAL from Limestone. Tried below before Hon. RUFUS HARDY.

*Gibson & Kimbell* and *A. E. Firmin,* for appellant.—When a bank receives an accepted draft for collection and return, its duty is to present same for payment, and if payment is not made, to return same in a reasonable time, and failure to do so is negligence which will render the bank liable for the loss occasioned thereby. Fahy v. Fargo, 17 N. Y., 344; 63 Hun, 625; 2 Am. and Eng. Encyc. of Law, 3, title, "Banks and Banking."

*Farrar, Kincaid & Williams,* for appellee.—The bank was not a party to the letters, and knew nothing of them; nor did the letters, either taken singly or all combined, tend to show such diligence as the law required of plaintiff. 2 Burr. Law Dic., 888, under the maxim, "Res inter alios acta, alteri nocere non debet;" 1 Greenl. on Ev., secs. 99, 124; 1 Dan. Neg. Inst., sec. 532, p. 526, and art. 479; Thomp. on Bills, 229; Jarvis v. Wilson, 46 Conn., 90; Story on Bills of Ex., sec. 120.

LIGHTFOOT, CHIEF JUSTICE.—The following statement of the case by appellant is not objected to by appellee, and is here adopted: This suit was brought in the District Court of Limestone County, by plaintiff, to recover of the defendant the sum of $503.25, being the amount of an acceptance, together with interest and exchange, dated July 9, 1891, due August 23, 1891, and drawn upon G. P. Turner & Co., and accepted by said G. P. Turner & Co., payable at defendant bank, and sent by plaintiff through its collecting bank, the Merchants and Planters Bank of Sherman, Texas, to defendant for collection and return. Defendant received the draft, or acceptance, August 19, 1891, and returned same on September 24, 1891, not paid.

Plaintiff alleged: 1. That defendant collected the amount of the draft, and refused to pay over same

2. That defendant bank loaned said Turner & Co. money to pay same, and credited the Sherman bank with same, and charged it to the account of Turner & Co., and afterward attempted to cancel said transaction, and refused to pay over said sum to the Merchants and Planters Bank.

3. Loss of plaintiff's debt by reason of defendant's negligently and recklessly holding said draft from August 23, 1891, to September 24, 1891, without making any effort to collect same during said time.

4. That defendant is estopped to deny its liability, because its cashier, on the 16th and also on the 17th days of September, 1891, represented to plaintiff's agent that said draft had been provided for and the money would be remitted "to-morrow," which representations were relied upon by plaintiff, etc.

Defendant pleaded general denial, and specially: 1. Extension of time on draft by the Sherman bank to September 24, 1891.

2. That G. P. Turner & Co. were solvent from September 24, 1891, to December 2, 1891, at which time they failed in business, and that plaintiff could have collected said drafts by legal process during said time, if it had made any effort to do so.

3. And that said draft was left with defendant for collection when Turner & Co. should have funds in defendant's hands sufficient to pay same, and that defendant never had funds of Turner & Co. in its hands.

There was a judgment for defendant, from which this appeal is taken.

1. Appellant's first assignment of error is as follows: "The court erred in refusing to submit to the jury the issue of negligence, such

issue having been made by the pleadings and the evidence, and a charge requested by plaintiff upon same, as shown by bills of exceptions numbers 2 and 3.

The attention of the court was called to the propriety of a charge upon negligence, and the court prepared, or partially prepared, such charge, and afterwards struck it out and refused to give it, upon the ground that the issue was not made by the evidence. Plaintiff's petition contains the following allegations: "Plaintiff charges, that by the use of reasonable diligence between the time it received said draft, on August 23, 1891, and the time it returned it, on September 24, 1891, defendant could have collected the amount due on said draft from Turner & Co., but that it carelessly, negligently, and recklessly held said draft without making any effort to collect same for a period of more than one month, to plaintiff's damage $503.25."

The petition shows, that the defendant received the draft for collection on August 23, 1891, and returned the draft September 24, 1891, and that but for defendant's representations, plaintiff's agent, when in Groesbeck, September 17, 1891, would have collected the draft from Turner & Co.; that on the death of Turner, on September 24, 1891, G. P. Turner & Co. stopped payment of their paper held at defendant bank for collection, and that plaintiff received notice for the first time after Turner's death that this draft had not been paid or provided for. After Turner's death, plaintiff could not collect its debt.

Plaintiff further charged, that after it heard, on September 25, 1891, of the death of Turner, and that said draft had not been paid, plaintiff made all reasonable efforts to collect said draft, but failed to collect. same or any part thereof. That because the draft was with defendant, and because of defendant's representations while holding same, plaintiff refrained from all efforts to collect the draft by other means till after the death of G. P. Turner, relying on defendant to do so, and that after the death of Turner the draft could not be collected.

It would be improper for us to enter into a discussion of the facts of the case, as it will have to be tried again; but it is sufficient to say, that the court erred in refusing to submit the issue of negligence on the part of the defendant bank to the jury.

The power to make collections upon business paper is incident to the banking business, and important trusts are necessarily imposed in their hands. In accepting a collection from a customer, the bank assumes an agency which requires the exercise of reasonable care and diligence in the discharge of the assumed duties, and if it should neglect such duties, and the principal thereby incurs loss, the bank would be liable for such loss. National Bank v. City Bank, 103 U. S., 668; National Bank v. Merchants Bank, 91 U. S., 104; Fabens v. Mercantile Bank, 23 Pick. (Mass.), 330; Warren Bank v. Suffolk Bank, 10 Cush. (Mass.), 582.

In the case of Fabens v. Mercantile Bank, above, Chief Justice Shaw says: "When a bank receives a note for collection, it is bound to use

reasonable skill and diligence in making the collection, and for that purpose is bound to make a reasonable demand on the promisor, and in case of dishonor, to give notice to the indorsers, so that the security of the holder shall not be lost or essentially impaired," etc.   See cases above cited, and also 2 Am and Eng Encyc. of Law, p. 111, et seq.; 1 Id., p. 371.

Mr. Morse, in his work on Banks and Bankers, volume 1, section 252, thus lays down the rule:   "If a bank fails to do its duty in the matter of collection, with reasonable skill and care, it is liable for damages resulting to any party interested in the paper, whether his name appears on the paper or not."

In the case of Bank of Washington v. Triplett, 1 Peters (U. S.), 31, where the collecting bank was sought to be held liable, Chief Justice Marshall says:   "The duty of that bank was precisely the same, whoever might be the owner of the bill, and if it was unwilling to undertake the collection without precise information on the subject, that duty ought to have been declined.   *   *   *   The first prayer of the defendants in the Circuit Court being to instruct the jury that, upon the whole evidence, the plaintiff ought not to recover, if it might properly have been granted in any case in which any testimony was offered, certainly ought not to have been granted if any possible construction of that testimony would support the action.   The liability of the bank for the bill placed in its hands undoubtedly depends upon the question whether reasonable and due diligence has been used in the performance of its duty."   See also Story on Agency, secs. 199, 200.

In this case, the issue as to whether or not the bank had been negligent in the performance of its duty, to the detriment of appellant, was clearly raised by the pleadings and evidence, and the court erred in refusing to submit such issue in a proper charge to the jury, when requested to do so by appellant's counsel.

2.   The second assignment, that the court erred in excluding the letters written by appellant to G. P. Turner & Co., in an effort to collect the debt, between September 24 and December 2, 1891, is well taken.   The evidence tends to show diligence on the part of appellant to collect the draft when it was finally sent back, after the bank had failed to collect.   The testimony should have been admitted.

The other error assigned is not such as will probably occur on another trial.

For the errors above mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 28, 1894.