HOBART NAT. BANK v. McMURROUGH.

No. 203.    Opinion Filed July 13, 1909.

(103 Pac. 601.)

BANKS AND BANKING—Collections—Laches—Liability. M. delivering a check to H. Bank on April 27, 1903, on I. Bank in the sum of $314.50, with the understanding that said sum would be immediately placed to his credit in the former bank, and that he could check against same, at the time of the delivery of the check to H. Bank he checked against same in the sum of $50; H. Bank transmitting said check to its correspondent, C. Bank, charging said item against and receiving credit in a like sum in said bank as a cash item, said C. Bank in turn transmitting said check to its correspondent bank at G., charging said sum to said bank as a cash item, said bank at G. transmitting said check to the drawee bank by mail for remittance thereon. On May 12, 1903, said check was canceled by said drawee bank, and the amount of same charged against the account of M. On June 2, 1903, H. Bank was notified by the bank at G., through C. Bank, that it had no response from the drawee bank; said H. Bank notifying M. of such information, without returning or offering to return said check. In the meantime I. Bank failed. Held, that H. Bank was the owner of said check for value, and liable to M. for loss on account of such laches.

(Syllabus by the Court.)

*Error from District Court, Kiowa County; F. E. Gillette, Judge.*

Action by T. H. McMurrough against the Hobart National Bank. Judgment for plaintiff, and defendant brings error. Affirmed.

*L. M. Keys* and *N. Rummons,* for plaintiff in error, citing: *Moose v. Goddard,* 147 Mass. 287; *Bhal v. Somerville,* 50 Fed. 647; Zane on Banks and Banking, p. 187, § 117, and authorities cited; *St. L. & S. F. Ry. Co. v. Johnson,* 133 U. S. 566; *Beale v. City of Somerville,* 1 C. C. A. 598; *In re Stale Bank* (Mich.) 57 N. W. 336; 5 Cyc. 493; *First Nat. Bank v. Citizens' Sav. Bank of Detroit,* 82 N. W. 66; *Kershaw v. Ladd* (Ore.) 44 L. R. A. 236.

*G. A. Brown,* for defendant in error.

WILLIAMS, J. In this case, on the 27th day of April, 1903, the plaintiff in error received the check on the Indiahoma Bank in the sum of $248 in satisfaction of the note, on which there was a balance due in that amount, secured by the mortgage, and the other check in the sum of $314.50, at least with the implied understanding that said amount might be checked against by the defendant in error, for at the time that the checks were received and credited on the account of the defendant in error, he checked against such account in the sum of $50, and also prior to the time that plaintiff, to wit, June 2, 1903, advised him that there were any infirmities in either of said checks, the defendant in error checked again against the same in the further sum of $50. These checks on the Indiahoma Bank were indorsed and transmitted to the Citizens' National Bank of Chickasha; the plaintiff in error receiving credit therefor on its account with said bank. Then in turn they were indorsed by the Chickasha Bank and transmitted to the Capitol National Bank, of Guthrie, where the Chickasha Bank received credit therefor; the plaintiff in error drawing on its credited balance as it desired in the Chickasha Bank.

A "check" being a bill of exchange upon a bank or banker, payable on demand without interest (chapter 54, art. 4, § 113 [section 3703], Wilson's Rev. & Ann. St. 1903), when the plaintiff in error received the two checks on the Indiahoma Bank, canceling and surrendering up the note and chattel mortgage for the check for $248, and then and there permitting the defendant in error to check against the other check in the sum of $50, and thereafter, on, to wit, May 29, 1903, and prior to the discovery of

the infirmity in the $314.50 check, again in the sum of $50, the plaintiff in error became the owner of the $314.50 check for value. In the case of *Noble et al. v. Doughten,* 72 Kan. 344, 83 Pac. 1050, 3 L. R. A. (N. S.) 1167, the court said:

"The payee indorsed the check and deposited it in the Philadelphia Bank, with which it was in the habit of dealing, according to the business forms under which transactions of that character are usually conducted. The legal effect of such conduct, where no reservations are made or limitations are imposed by either party, and no agreement or understanding appears other than that which the law implies, is well settled by the best-considered cases. When the payee of the check received credit for it, the bank became indebted to him in a sum equal to the amount of the credit, his funds in the bank subject to the immediate withdrawal upon his check were augmented to the same extent, the check itself became the property of the indorsee, and the payee's relation to it became that of one who had transferred title to it by indorsement. If the depositor had desired to establish the relation of principal and agent between himself and the depositary, he should have indorsed the paper for collection merely, or otherwise should have indicated his purpose; and, if the bank did not intend to accept the check as money, it should have entered it as paper, and not as cash, or otherwise should have made manifest its intention to collect merely. 2 Morse on Banks & Banking, § 583."

This rule is supported by the following authorities: *Burton v. United States,* 196 U. S. 283, 25 Sup. Ct. 243, 49 L. Ed. 482; *Mann v. Second National Bank,* 34 Kan. 746, 10 Pac. 150; *Morrison v. Farmers' & Merchants' Bank,* 9 Okla. 701, 60 Pac. 274; *Winfield National Bank v. McWilliams,* 9 Okla. 510, 60 Pac. 234; *First National Bank v. Armstrong,* 39 Fed. 231; *Ayres v. Farmers' & Merchants' Bank,* 79 Mo. 421, 49 Am. Rep. 235; *Metropolitan Bank v. Loyd,* 90 N. Y. 530.

The acceptance of the check imposed upon the plaintiff in error the necessity of using due diligence to realize upon it, in order to escape responsibility for loss, if, in the meantime, the drawee should become insolvent. *Anderson v. Rodgers,* 53 Kan. 542, 36 Pac. 1067, 27 L. R. A. 248; *Kilpatrick v. B. & L. Association,* 119 Pa. 30, 12 Atl. 754; *Freeholders of Middlesex v.*

*Thomas & Martin*, 20 N. J. Eq. 39. If the plaintiff in error was guilty of laches in the performances of its duty, resulting in loss or damage to the defendant in error, to the extent of such loss or damage it must respond. *Lowenstein v. Bresler,* 109 Ala. 326, 19 South. 860; *Watt v. Gans,* 114 Ala. 264, 21 South. 1011, 62 Am. St. Rep. 99; *Merchants National Bank v. Samuel* (C. C.) 20 Fed. 664; *Downey v. Hicks,* 14 How. 240, 14 L. Ed. 404; 22 Am. & Eng. Ency. Law (2d Ed.) 572. Now, in this case a month and more elapsed after the plaintiff in error bank secured the checks on the Indiahoma Bank and the time of its report from the Capitol National Bank, through the Citizens' National Bank of Chickasha. The lapse of such time, without further action by plaintiff in error, was such laches, when the result shows that the delay occasioned the loss; but it is suggested that the defendant in error was notified in sufficient time to have gone and made his demand on the Indiahoma Bank, and thereby save himself and prevent any one from being damnified by the transaction. Suppose the defendant in error had gone to the bank before it closed its doors, he would have found the bank in the possession of his check with it canceled and his account charged with the amount of the check. When the plaintiff in error took this check, it put same in the hands of its correspondent at Chickasha, which, under the rules as understood by the plaintiff in error, sent it to its correspondent, the Capitol National Bank, at Guthrie, which in turn sent same by mail to the drawee bank, the Bank of Indiahoma, and said drawee bank was permitted to retain said check from May 12, 1903, without any inquiry or further action on its part. Under the facts in this case, such laches on the part of the plaintiff in error cannot be excused, even though it were acting as the agent of the drawer for the purpose of having the check collected.

It is not necessary to determine the question as to whether or not the Hobart National Bank, having used due care in selecting a correspondent bank, if its correspondent was negligent in and about making the collections and in sending the check directly to the paying bank for payment, the defendant bank would be re-

sponsible to the plaintiff for the negligence of such correspondent. That question is hereby specially reserved, for under any event the plaintiff in error is liable in this case. By permitting its correspondent to retain this check for such a length of time, without taking any action toward tracing the same and realizing thereon or reclaiming the same and returning it to the defendant in error within a reasonable time, would render the plaintiff in error liable to this defendant in error.

Finding no reversible error in the record the judgment of the lower court is affirmed.

Kane, C. J., and Dunn and Turner, JJ., concur; Hayes, J., not participating.