## BANK OF BIG CABIN v. ENGLISH.

No. 3177. Opinion Filed February 28, 1914.

(139 Pac. 258.)

**BANKS AND BANKING—Collection of Deposit—Damages from Delay—Burden of Proof.** October 25, 1907, the Bank of Big Cabin, Ind. T., received from the Inter-State National Bank of Kansas City advice by mail that the former's account had been credited by direction of J. G. English for a stated sum at the Bankers' Trust Company, also of Kansas City. The Bank of Big Cabin at the time maintained no business relations with either the bank or trust company at Kansas City. Immediately it gave English, who was at the time one of its regular depositors, credit upon its books for the amount of the deposits, which had been placed in the bank at Kansas City by a debtor of English, contrary to his instructions. *Held* that, by failing to exercise proper diligence in the withdrawal of its depositor's unauthorized deposit, the Bank of Big Cabin assumed the burden of showing that its failure was not through its fault, and that no damage resulted to its depositor by its delay.

(Syllabus by Sharp, C.)

*Error from District Court, Craig County;*
*P. S. Davis, Judge.*

Action by J. G. English against the Bank of Big Cabin. Judgment for plaintiff, and defendant brings error. Affirmed.

*Seymour Riddle,* for plaintiff in error.

*W. H. Kornegay,* for defendant in error.

Opinion by SHARP, C. In the opinion on a former appeal in this case, *Bank of Big Cabin v. English,* 27 Okla. 334, 111 Pac. 386, it was held that the liability of the Bank of Big Cabin, if liable at all, must be predicated upon the theory that it undertook to collect the money deposited in the Bankers' Trust Company of Kansas City for the plaintiff; that the relation of debtor and creditor would not arise between said bank and the plaintiff until after it had collected and secured possession of the money either actually or by settlement of accounts with the trust company. Upon this theory the parties proceeded in the second trial. No exception is made to the court's charge to the jury, the bank seeking a reversal upon the grounds: (1) That the court erred in not sustaining the demurrer to the plaintiff's evidence; (2) and in refusing to direct a verdict for the defendant.

The action being one based upon defendant's negligence, and the sufficiency of the proof to warrant the jury's verdict being raised, it is necessary to examine the evidence for the purpose of determining its legal sufficiency. The plaintiff, a depositor in defendant bank, shipped a car load of hogs from Big Cabin, Ind. T., to Kansas City, Mo., at the time writing a letter to Byers Bros. Commission Company, to whom the shipment was consigned, directing said company to send the proceeds of the shipment to the Bank of Big Cabin. On the day of arrival of the hogs, October 24, 1907, the commission company directed the inter-State National Bank of Kansas City to credit the Bank of Big Cabin with the proceeds of the shipment, amounting to $909.99. The Inter-State National Bank, upon receipt of the commission company's check, wholly without authority, and of its own initiative, placed said deposit to the credit of the Bankers' Trust Company, and on the same day by postal card notified both the trust company and the Bank of Big Cabin of what it had done. On the morning following, to wit, October 25th, prior to opening the bank, Cashier Lee of the Big Cabin bank received the postal card from the Inter-State National Bank,

and gave plaintiff credit for the deposit on the bank's individual ledger, which constituted the record of the general checking accounts of said bank. Plaintiff testified that the deposit was entered in his passbook while in the bank October 28th, while the testimony of the cashier, Lee, in this regard is not clear. On October 26th, upon receipt of postal card from the Inter-State National Bank, the Bankers' Trust Company drew on said bank for the amount of the commission company's deposit, which draft was paid through the clearing house on October 26th. On Monday, October 28th, the trust company failed, and on October 29th the Big Cabin bank charged back to English's account the amount of the deposit of October 25th. At the time the Big Cabin bank had no correspondent or reserve agent in Kansas City, though up until August, 1907, the Bankers' Trust Company had made a practice of cashing checks drawn by the Big Cabin bank on its sole correspondent, the International Bank & Trust Company, of Vinita, Ind. T., which relation had continued for a period of some six or seven months.

It is charged in defendant's answer that on the 24th day of October, 1907, the Bankers' Trust Company was in an insolvent and failing condition, and was known to be in such insolvent and failing condition by the Inter-State National Bank of Kansas City, and by other Kansas City banking institutions, though there is no proof directly tending to show that the Big Cabin bank had knowledge of the insolvent condition of the trust company. No effort was made by the Big Cabin bank to collect or transfer from the Bankers' Trust Company the unauthorized deposit made it by the Inter-State National Bank, except that on October 29th, after the trust company had failed, the Big Cabin bank wrote to the Inter-State National Bank, stating: "We desire that you get this money where we can get it." There was evidence to show that there was at the time both telegraphic and telephone service between Big Cabin, Ind. T., and Kansas City, Mo., and that a letter mailed in Big Cabin in the evening would reach Kansas City early the next morning; that the actual running time for trains between said points was from six to eight hours.

Was the Big Cabin bank negligent in discharging its duty to exercise ordinary care and diligence to make a collection of its depositor's account? In effecting the collection or transmission of the funds, it was bound to the exercise of reasonable diligence. Morse on Banks and Banking (4th Ed.) secs. 218, 219, 244; *Hobart National Bank v. McMurrough,* 24 Okla. 210, 103 Pac. 601; *Anderson v. Rodgers,* 53 Kan. 542, 36 Pac. 1067, 27 L. R. A. 248; *Kilpatrick v. Home B. & L. Ass'n,* 119 Pa. 30, 12 Atl. 754. No special agreement for making the collection was entered into between the bank and English. The former attempted to excuse its failure to act by the fact that it had not heard from the Bankers' Trust Company that it had received from the Inter-State National Bank the proceeds of the original deposit from the commission company. Neither the Inter-State National Bank nor the Bankers' Trust Company was correspondent or reserve agent of the Bank of Big Cabin, and, by accepting the collection for its depositor, it was incumbent upon it to proceed promptly. It was not compelled to undertake the collection, though it did so voluntarily. Accepting for collection a deposit in an institution with which it had no business relations, the local bank was at least bound to the exercise of reasonable diligence. The record is silent as to any proof of the custom observed by the Big Cabin bank, at or about the time in question, in making collections on Kansas City, though there is some proof that it had requested one of its customers there to make deposits with the National Bank of the Republic. Therefore the question as to the channels through which collections were usually made is not involved in the present case. There is, however, proof sufficient to show that, had the Big Cabin bank acted with due diligence, its draft for the withdrawal of the deposit could have been presented prior to the time the Bankers' Trust Company closed its doors. The question of negligence on the part of the collecting bank was one of fact for the jury. Selover, Bank Collections, p. 96; *Sahlien v. Bank of Lonoke,* 90 Tenn. 221, 16 S. W. 373; *Diamond Mill Co. v. Groesbeck Nat. Bank,* 9 Tex. Civ. App. 31, 29 S. W. 169; *Milwaukee Nat. Bank v. City Bank,* 103 U. S. 668, 26 L. Ed. 417. It is not clear, from the testimony, at what time on

October 28th the Bankers' Trust Company failed, whether during the day or whether in fact it failed to open its doors on that day, or the exact time that it discontinued payment. In the case of the negligent presentation for payment of checks, the rule generally is that the burden of proof is on the holder of the check to show that no loss or injury has resulted to the maker through the delay in making presentment and giving notice. Story on Promissory Notes, sec. 498; Chitty on Bills, 355; *Anderson v. Rodgers, supra; Stephens v. Park,* 73 Ill. 387; *Little v. Phenix Bank,* 2 Hill (N. Y.) 425. We are not at liberty to presume, in the absence of testimony, that, had due diligence been exercised by the Big Cabin bank to withdraw the funds from the trust company, its efforts would have been of no avail. The Bankers' Trust Company not closing its doors until Monday, the 28th, it is fair to presume that it met its obligations on Saturday, the 26th; or, even had the draft been presented on the 28th, it might have been paid before the trust company's discontinuance of business.

.  The judgment of the trial court should be affirmed.

By the Court: It is so ordered.