## MABRY v. MERCHANTS' NAT. BANK.

No. 12261—Opinion Filed Nov. 13, 1923.

Rehearing Denied Dec. 26, 1923.

**Banks and Banking—Action by Bank on Note—Payment by Check Subsequently Lost—Estoppel of Maker of Note.**

M. obtained from D. a check on the bank of G. and delivered it to the bank of S., and the same was credited on M's note, and the check was thereafter lost, and M. obtained a duplicate check from D., and sued the bank of G. in his own name and for his own benefit, and obtained judgment. Held. M. by obtaining a duplicate check from D., and obtaining judgment thereon against the bank of G., is estopped in an action by the bank of S. on M.'s note from asserting as a defense that the check was delivered to the bank of S. as a cash item, and has by his action waived any right he may have had against the bank of S. because of the loss of such check.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Sequoyah County; E. B. Arnold, Judge.

Action by Merchants' National Bank of Sallisaw, Okla., against M. H. Mabry to recover on promissory note. Judgment in favor of plaintiff, and defendant appeals. Affirmed.

W. L. Curtis, for plaintiff in error.

Frye & Frye, for defendant in error.

Opinion by RUTH, C. This is an action brought by the plaintiff, Merchants' National Bank of Sallisaw, against the defendant, M. H. Mabry, wherein the plaintiff seeks to recover judgment for the balance claimed to be due on a promissory note, and for possession of 100 head of cattle of the value of $60 per head and foreclosure of the plaintiff's chattel mortgage on said cattle. The parties hereto will be designated as they appeared in the court below.

This cause was tried to a jury and upon the conclusion of all the evidence, the plaintiff moved for a directed verdict, which motion was by the court sustained, and the jury instructed to return a verdict for the plaintiff in the sum of $600, with interest at eight per cent. per annum from February 16, 1918, together with $100 attorney's fee and for possession of the cattle, or the value thereof at $60 per head, and from this verdict and the judgment thereon, this cause is brought here for review.

It appears from the evidence that on February 16, 1918, defendant executed and delivered his promissory note for the principal sum of $2,900 to the plaintiff, and as security therefor executed a chattel mortgage on 100 head of cattle of the value of $60 per head. The note showed on the back thereof the following indorsements made by the officer of the plaintiff bank in the following order:

| | |
|---|---|
| Amount | $2,900.00 |
| Paid on within | 1,000.00 |
| Balance | 1,900.00 |
| Paid on within | 700.00 |
| Balance | 1,200.00 |
| Paid on within | 300.00 |
| Paid on within (ck. not pd.) | 600.00 |
| Balance | 900.00 |
| Paid on within | 300.00 |
| Balance | $ 600.00 |

It further appears from the evidence that the defendant delivered to the plaintiff bank a check drawn by J. S. Davis on the Citizen's Bank of Gans for $600, and the bank gave a credit of $600 on the back of the note for this amount and executed and delivered to the defendant its receipt in the following words and figures, to wit:

"Sallisaw, Oklahoma, May 17, 1918.

"Received of M. H. Mabry $600.00, six hundred and no-100 Dollars as part payment on this note No. 245, given this bank, dated_____day of_____1921.

"Merchants National Bank,
"By J. E. McDonald, Cashier."

It further appears that this check was not deposited for collection or placed to the credit of the defendant, but was, at the suggestion of the cashier of the plaintiff bank, entered as a partial payment on the note and the indorsement of payment made on the note and the receipt given as above set forth. The check was taken by plaintiff, forwarded to the Bank of Gans, Okla., and was lost and has never been found, and afterwards the plaintiff bank crossed off the credit "paid on within, $600," and noted above the item the following: "Ck. not pd."; and about 30 days after the receipt of the check by the bank, it notified defendant that the check had not been paid. With this credit of $600, the principal sum of the note and all interest due thereon would have been fully paid.

The defendant relies in this case upon Hobart National Bank v. McMurrough, 24 Okla. 210, 103 Pac. 601, which in some of its aspects closely resembles the case now under consideration. In the case cited, McMurrough deposited a check for $314.50 with the implied understanding that he might check against the amount, which he did, and this court held the "plaintiff in error became the owner of the $314.50 for value," and cites with approval Noble et al. v. Doughten, 72 Kan. 344, 83 Pac. 1050, 3 L. R. A. (N. S.) 1167, where the court held:

" 'The payee indorsed the check and deposited it in the Philadelphia Bank, with which it was in the habit of dealing, according to the business forms under which transactions of that character are usually conducted. The legal effect of such conduct, where no reservations are made or limitations are imposed by either party, and no agreement or understanding appears other than that which the law implies, is well settled by the best considered cases. When the payee of the check received credit for it, the bank became indebted to him in a sum equal to the amount of the credit, his funds in the bank subject to the immediate withdrawal upon his check were augmented to the same extent, the check itself became the property of the indorsee, and the payee's relation to it became that of one who had transferred title to it by indorsement. If the depositor had desired to establish the relation of principal and agent between himself and the depository, he should have indorsed the paper for collection merely, or otherwise should have indicated his purpose; and, if the bank did not intend to accept the check as money it should have entered it as paper, and not as cash, or otherwise should have made manifest its intention to collect merely. 2 Morse on Banks & Banking. sec. 583.'

"This rule is supported by the following authorities; Burton v. United States, 196 U. S. 283, 25 Sup. Ct. 243, 49 L. Ed. 482; Mann v. Second National Bank, 34 Kan. 746, 10 Pac. 150; Morrison v. Farmers' & Merchants' Bank, 9 Okla. 701, 60 Pac. 274; Winfield National Bank v. McWilliams, 9 Okla. 510, 60 Pac. 234; First National Bank v. Armstrong, 39 Fed. 231; Ayres v. Farmers' & Merchants' Bank, 79 Mo. 421, 49 Am. Rep. 235; Metropolitan Bank v. Loyd, 90 N. Y. 530."

In the case now being considered it appears the check of Davis was received from the defendant and credit was given on the back of the note, by the bank, and at its suggestion, and gave its receipt therefor as so many dollars received from the defendant as part payment on the note. It does not appear from the record whether at the time of receiving the Davis check the bank did or did not intend to accept the check as money, or intended to accept it for collection only, but after accepting it, the check was forwarded to its corresponding bank in Ft. Smith, Ark., thence to the Bank of Gans, Okla., and was lost, and defendant was not notified for some 28 or 31 days after its receipt by the plaintiff bank.

In Hobart Nat. Bank v. McMurrough, supra, this court held:

"By permitting its correspondent to retain this check for such a length of time, without taking any action toward tracing the same and returning it to the defendant in error within a reasonable time, would render the plaintiff in error liable to this defendant in error."

The law appears to have been definitely and well settled in the foregoing opinion by this court, and we are in perfect accord therewith, but the same is not applicable to the facts in this case.

In the instant case, the defendant, upon being notified by the plaintiff that the Davis check had been lost, testified that he had been persuaded to file suit against the Citizens' Bank of Gans, upon which bank the Davis check was drawn, and had obtained judgment thereon, which, so far as

this record shows, is a final and subsisting judgment, and as there is nothing in this record to suggest the insolvency of the Bank of Gans, we assume such judgment may be satisfied by proper process issued at the instance of this defendant, who alone holds the power, so far as this record discloses, of reimbursing himself in a sum equal to the face value of the Davis check, and defendant testifies that he will not assign the judgment against the Bank of Gans until after the plaintiff in this case releases him from all liablity on the note and mortgage sued upon, which places the defendant in the position of seeking double recovery.

The defendant herein having elected to obtain a duplicate check from Davis, and having sued and obtained judgment against the Bank of Gans, defendant is estopped from setting up the credit given on his note held by the Bank of Sallisaw, and the negligence of the plaintiff bank in the clearing of such check, and for the reasons herein stated, the judgment of the court below should be affirmed.

By the Court: It is so ordered.