

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 6, 1947

Hon. T. J. Crowe, M. D.
Secretary
Texas State Board of
  Medical Examiners
918-20 Texas Bank Building
Dallas 2, Texas

Opinion No. V-190

Re: Authority of Board
of Medical Examiners
to limit number of
examinations after
failures.

Dear Dr. Crowe:

Your recent request for an opinion of this Department is substantially as follows:

"Whether the Board has authority to limit the number of times an applicant may reappear for examination after numerous failures."

Article 4501 of Vernon's Civil Statutes provides:

"All applicants for license to practice medicine in this State not otherwise licensed under the provisions of law must successfully pass an examination by the Board of Medical Examiners. The Board is authorized to adopt and enforce rules or procedure not inconsistent with the statutory requirements. . . .

"If any applicant, because of failure to pass the required examination, shall be refused a license, he or she, at such time as the Board of Medical Examiners may fix, shall be permitted to take a subsequent examination, upon such subjects required in the original examination as the Board may prescribe, upon the payment of such part of Twenty-five Dollars ($25) as the Board may determine and state. In the event satisfactory grades shall be made in the subjects prescribed and taken on such re-examination, the Board may grant to the applicant a license to practice medicine."

Article 4505 of Vernon's Civil Statutes provides as follows:

"The State Board of Medical Examiners may refuse to admit persons to its examinations, and to issue license to practice medicine to any person, for any of the following reasons:

"(1)  The presentation to the Board of any license, certificate, or diploma, which was illegally or fraudulently obtained, or when fraud or deception has been practiced in passing the examination.

"(2)  Conviction of a crime of the grade of a felony, or one which involves moral turpitude, or procuring or aiding or abetting the procuring of a criminal abortion.

"(3)  Habits of intemperance, or drug addiction, calculated, in the opinion of the Board, to endanger the lives of patients.

"(4)  Grossly unprofessional or dishonorable conduct, or a character which in the opinion of the Board is likely to deceive or defraud the public.

"(5)  The violation, or attempted violation, direct or indirect, of any of the provisions of this Act, either as a principal, accessory, or accomplice.

"(6)  The use of any advertising statement of a character tending to mislead or deceive the public.

"(7)  Advertising professional superiority, or the performance of professional service in a superior manner.

"(8)  The purchase, sale, barter, or use, or any offer to purchase, sell, barter, or use, any medical degree, license, certificate, diploma, or transcript of license, certificate, or diploma, in or incident to an application to the Board of Medical Examiners for license to practice medicine.

"(9)   Altering, with fraudulent intent, any medical license, certificate, diploma, or transcript of medical license, certificate, or diploma.

"(10)   The use of any medical license, certificate, diploma, or transcript of any such medical license, certificate, or diploma, which had been fraudulently purchased, issued, counterfeited, or materially altered.

"(11)   The impersonation of, or acting as proxy for, another in any examination required by this Act for a medical license.

"(12)   The impersonation of a licensed practitioner, or permitting, or allowing, another to use his license, or certificate to practice medicine in this State, for the purpose of treating, or offering to treat, sick, injured, or afflicted human beings.

"(13)   Employing, directly or indirectly, any person whose license to practice medicine has been suspended, or association in the practice of medicine with any person or persons whose license to practice medicine has been suspended, or any person who has been convicted of the unlawful practice of medicine in Texas or elsewhere.

"Any applicant who may be refused admittance to examination shall have his right to have such issue tried in the District Court of the county in which he resides or in which any Board member resides.  All orders of the Board shall be prima facie valid."   (Underscoring ours)

An examination of the above statutes reflects the fact that although the Board is authorized to adopt and enforce rules of procedure, they may not promulgate any rule inconsistent with the statutory requirements for admission to examination.  Article 4505, supra, does not contain any proviso that an applicant shall be refused a subsequent examination because of previous failures, but on the contrary, we find an express authority in Article 4501, supra, allowing an applicant the right

to a subsequent examination in the event of failure.
It is believed that this provision should be liber-
ally construed to afford an applicant the privilege
of subsequent examinations upon the payment of the
statutory fee.

In the case of Maryland Casualty Co. v. Smith,
40 S. W. (2d) 913, Judge Vaughan, speaking for the
Court, stated:

> ". . . but so much cannot be said per-
> haps in reference to the application of the
> virtues that lie within that beneficent
> rule in re the interpretation and applica-
> tion of the provisions of said statute. We
> are of the opinion that the term 'liberal
> construction' means to give the language
> of a statutory provision, freely and con-
> sciously, its commonly, generally accepted
> meaning, to the end that the most compre-
> hensive application thereof may be accord-
> ed, without doing violence to any of its
> terms."

In the absence of a limitation upon the num-
ber of times an applicant may take such examinations,
and the further fact that the Board is not authorized
to adopt rules inconsistent with the statutory require-
ments, the Board may not limit the number of examina-
tions. We have been unable to find any Texas cases re-
lating to the subject. In a Washington case (Medcraf
vs. Dept. of Licenses, 221 Pac. 613), the Court stated
in effect that if the Legislature had intended to al-
low a person to make another application after two
failures, it could and doubtless would have said so.
But in that case a definite time limit was prescribed.
In applying the rule of the Medcraf case to the Texas
statutes, it is believed that it may be distinguished
on the ground that the Legislature of Texas has seen
fit to enumerate those reasons to exclude a person
from examinations (Art. 4505). Numerous failures is
not listed as a reason to limit the number of examina-
tions to an applicant. Therefore, as the law is now
written, it is the opinion of this Department that the
Board of Medical Examiners may not limit the number of
times an applicant may reappear for examination after
numerous failures.

Since enactment of the provisions under dis-
cussion in 1907, the State Board of Medical Examiners

has followed the practice of allowing subsequent examinations after failures, and it is the opinion of this Department that such a construction placed upon the statutes is reasonable and sound. Since the statute is indefinite as to the number of examinations and there is no Texas authority to the contrary, the departmental construction as to re-examinations should be followed.

This rule was announced in the case of Texas Employers Insurance Association v. Holmes (Sup. Ct.) 196 S. W. 2d 390, wherein Justice Sharp, speaking for the Court, stated as follows:

"If a statute is ambiguous and susceptible of more than one construction, there are certain well settled rules which govern its construction:

"First, the practical interpretation of the Act by the agency charged with the duty of administering it is entitled to the highest respect from the Courts. And this is especially so when that interpretation has been long continued and uniform."

## SUMMARY

Pursuant to the provisions of Articles 4501 and 4505, Vernon's Civil Statutes, the State Board of Medical Examiners may not limit the number of times an applicant for license may reappear for examination after numerous failures.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

ATTORNEY GENERAL

By

Burnell Waldrep
Assistant

BW:djm:jt