## ROBERT KILPATRICK v. HOME B. & L. ASSOCIATION.

### ERROR TO THE COURT OF COMMON PLEAS OF DELAWARE COUNTY.

Argued February 9, 1888—Decided February 20, 1888.

1. Though, in the absence of an agreement to the contrary, the acceptance on a debt of the check or note either of the debtor or of a third person is but a conditional payment, yet such acceptance implies an undertaking of due diligence in presenting for payment, etc., and, in case of loss from want of such diligence, it will be held to operate as payment.
2. A mortgage debtor to a building and loan association caused the check of his agent for which he had supplied the funds to be passed, under the direction of the association's secretary, to its solicitor, as on account of the debt, which check became worthless by reason of the delay of the solicitor in presenting it for payment: *Held*, that as between the debtor and the association the latter should bear the loss thus occasioned.

Before PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; GORDON, C. J., and TRUNKEY, J., absent.

No. 427 January Term 1887, Sup. Ct.; court below, No. 10 March Term 1887, C. P.

On December 10, 1886, a scire facias sur mortgage issued in favor of The Home Building and Loan Association against

Oliver Troth, mortgagor, and Robert Kilpatrick, terre tenant. An affidavit of defence was filed by Kilpatrick setting out, in substance, his ownership of one of two adjoining properties upon which Troth had executed the mortgage in suit, and that at the time of his purchase from Troth, he and one George Beeby, his conveyancer, went with Troth to the office of the plaintiff association to have the mortgage released from the property purchased; that the amount to be paid was stated by Patrick Bradley, the secretary of the association, who directed that the amount, which was then in the hands of Beeby, be paid over to Mr. Ward R. Bliss, the association's solicitor. The next day, Beeby passed his check to Mr. Bliss for the amount. The check was not presented for payment for about three months, at which time Beeby's account with the bank was worthless, although for two months after the check was drawn it would have been paid on presentation. A supplemental affidavit set-forth that at the time of receiving the check, Mr. Bliss was duly authorized by a letter of attorney recorded in the recorder's office, to enter satisfaction, on the record, of all mortgages and all judgments standing in the name or to the use of the association. All the averments of the affidavits of defence appear in the opinion of this court.

On a rule for judgment for want of a sufficient affidavit of defence, on March 8, 1887, the court, CLAYTON, P. J., filed the following opinion and order.

The affidavit of defence is insufficient in several particulars. The substance of the defence is that Troth, the mortgagor, when he sold the mortgaged premises to the terre tenant, undertook to have the plaintiff's mortgage "released;" that to that end, at the time of the delivery of the deed, Troth and one George Beeby, the agent of the terre tenant, called upon the secretary of the association, who then furnished a statement of the sum required to release the property, and "then and there stated the sum to be $1,380.20."

This part of the affidavit is clearly evasive. It may refer to a statement in writing of the amount due, and also to a verbal statement of a less sum. The affidavit says "Mr. Bradley *furnished* a statement of the amount required;" it does not tell us what that amount was. It merely says that he "then and there

stated " that $1,380.20 was the amount required.   The depo-
nent then directed Beeby to pay the money, but the secretary
directed him to the solicitor, Mr. Bliss.   Beeby, on June 6,
1885, gave Bliss his check for the said sum of $1,380.20.

Here again the affidavit is evasive.   It does not state that
Mr. Bradley had authority to adjust or fix the sum due on the
mortgage, or that he had authority to take less than the whole
amount secured by the mortgage.   The affidavit shows that the
mortgage covered two properties, and that the terre tenant
was not seeking to have the mortgage satisfied, but to have
one half the mortgaged premises released.   To do this, it was
necessary to agree upon the amount to be paid.   The associa-
tion had the clear right to demand payment of its whole debt
before it could be required to release any part of its security.
The affidavit, to be good as a defence, must show that the
association, or some person duly authorized by it, agreed to the
amount to be paid, and that the money, in pursuance of that
agreement, was actually paid to the association, or some one
authorized by it to receive it.

The defence further states that the terre tenant had, before
the interview with Bradley, placed in the hands of said Beeby
the sum of $1,500, and that said Bliss was negligent in not
presenting the check until September, when there was no
money there to pay it; thus attempting to shift the conse-
quences of his vain trust of his own agent upon Mr. Bliss.
If, for any supine negligence of Mr. Bliss, the agent of the
terre tenant has been enabled to cheat him, he must look to
Mr. Bliss for redress, and not throw his loss upon the associa-
tion, who had nothing to do in the matter, and whose only fault
has been a wise refusal to release any part of its mortgage un-
til the amount to be paid was settled and the cash in its treasury.
These defects were pointed out upon the argument, and the
terre tenant was given ten days to supply them by a supple-
mental affidavit.

A supplemental affidavit has been filed, but it does not help
the deponent's case.   It does not allege any authority in the
secretary to adjust the amount to be paid for the release, but
by an argument assumes that Mr. Bliss had authority to receive
the money and satisfy the mortgage.   This authority is inferred
from a recorded letter of attorney, authorizing Mr. Bliss to

satisfy all mortgages held by the association. Everybody familiar with the working of building associations knows what such a letter of attorney means. It is an authority to the solicitor to satisfy all paid mortgages; not an authority to adjust the amount due, or to receive payment before that sum due is adjusted. When the association has received payment, and the money is in the hands of its treasurer, an order is issued to the solicitor to satisfy the mortgage, which the recorder permits him to do by virtue of the letter of attorney. It cannot for a moment be construed into an authority to fix the proportion that any one piece of the mortgaged property shall be required to pay to induce the association to execute and file a release. The learned counsel for the terre tenant will hardly contend that under the letter of attorney mentioned in his supplemental affidavit Mr. Bliss could have executed a valid release of the part of the mortgaged land purchased by the terre tenant.

The rule for judgment is made absolute.

Judgment having been entered in favor of the plaintiff for the sum of $1,943.55, the terre tenant defendant took this writ, assigning the order of the court as error.

*Mr. W. B. Broomall,* for the plaintiff in error:

While it may be that the association was not bound to receive payment of part of its debt, yet having assumed to do so, through the officer empowered to receive payment of the whole, it cannot now repudiate because only a part was paid. And, it is not maintained that the check was payment pro tanto, but this principle is invoked: That where a debtor gives his creditor the check of a third party, to pay his debt, either in whole or in part, the creditor must use due diligence in reference to the obligation, otherwise, if there be a loss through the creditor's laches, the debtor is released: Freeholders of Middlesex v. Thomas, 5 Green C. E. 39; McIntyre v. Kennedy, 29 Pa. 450. The court below misapprehended our case when stating that the affidavit was evasive in not averring authority in Bradley to adjust and take less than the full amount of the mortgage. We do not rest our case on any such position, but maintain that the association's solicitor, hav-

ing authority to . receive payment in full, as a corollary had authority to receive payment on account. If the payment had been applied, with or without a release, the property of the defendant would have been discharged, not only as between the terre tenant and Troth, but as between the terre tenant and the association.

*Mr. Ward R. Bliss,* for the defendant in error:

1. Beeby was the agent of the defendant, and the latter has no case as he is virtually taking advantage of his own wrong. The principal is liable for the fraud or misconduct of the agent: 1 Pars. Con., § 9, c. 3.

2. Neither the secretary, nor the solicitor, of the association had power to bind the corporation: Johnston v. B. & L. Ass., 104 Pa. 394; Penn. R. Co's App., 80 Pa. 290; Moshannon L. & L. Co. v. Sloan, 109 Pa. 532; Selden v. B. Ass., 81* Pa. 336; Gass v. B. & L. Ass., 95 Pa. 101; Insurance Co. v. Kniley, 2 Pears. 229; Angell & Ames, Corp., 249.

3. Every fact left to inference by the affidavits must be taken against the defendant: Ogden v. Offerman, 2 M. 40; Bardsley v. Delp, 88 Pa. 420; Peck v. Jones, 70 Pa. 83; Brick v. Coster, 4 W. & S. 494; Kaufman v. Iron Co., 105 Pa. 537; Mellor v. Negley, 1 Pittsb. 110; Black v. Halsted, 39 Pa. 64. (1) If the check was accepted, was it receipted for? Erlicher v. Lawson, 5 W. N. 473. (2) It is not alleged that the check was given or tendered on account of the mortgage claim: Selden v. B. Ass., 81* Pa. 336; Bank v. Rahter, Idem 305. (3) The amount of the check is not stated, but "the sum of $1,380.20 in a check." (4) It does not appear that the sum mentioned was the amount of defendant's debt. (5) An agreement to release the mortgage on payment of that sum is not averred.

OPINION, MR. JUSTICE STERRETT:

While the facts intended to constitute an affidavit of defence need not be presented according to any prescribed form, they must be so distinctly stated that the nature and character of the defence will clearly appear. In passing upon the sufficiency of such affidavits, every material and unequivocal averment of fact must be accepted as verity.

Applying these principles to the affidavits in question, we

think they present, with sufficient clearness and precision, facts which prima facie constitute a good defence as to that portion of the mortgaged premises which is owned by the terre tenant, plaintiff in error.   In substance the averments are, that, after the mortgage in suit was executed and delivered by the then owner of both houses and lots to the Home Building and Loan Association, plaintiff below, Troth, the mortgagor, on June 5, 1885, for the consideration of $2,200, sold one of the lots to Kilpatrick, one of the defendants below, clear of all incumbrances ; that when the deed was delivered, Troth, Kilpatrick, and George Beeby, agent of the latter, met at the office of the association, and were then and there informed by Patrick Bradley, its secretary, that the payment of $1,380.20 was required to obtain a release of the association's claim against the lot Troth was about conveying to Kilpatrick, and thereupon the latter directed Beeby, in whose hands he had placed $1,500 for the purpose, to pay Bradley said sum of $1,380.20, in full for the association's claim against the lot in question.   Bradley, instead of receiving the money, directed Beeby to pay it to W. R. Bliss, the solicitor of the association, which was done on the following day by giving him his check on the Chester National Bank, where he then had, and until August 1st following continued to have on deposit, money applicable to the payment of the check; that, instead of presenting the check within a reasonable time, Bliss held it until September, after Beeby had misappropriated the money and become insolvent; that by reason of Bliss's negligence in not presenting the check within a reasonable time, and the continued insolvency of the drawer, the money was lost without any fault of Kilpatrick, the terre tenant, who believed the check had been duly presented and paid.

If these facts, all of which are substantially averred in the affidavits, were proved to the satisfaction of a jury, they would be fully warranted in finding for plaintiff in error.   In taking a conveyance of the lot, it was his business to ascertain the amount of the mortgage incumbrance thereon and provide for its payment.   For that purpose he went to the proper person, the secretary and executive officer of the association, who was authorized to furnish the desired information, receive money due and payable on the mortgage, etc.   If Bradley himself had

received the money, it would undoubtedly have been a good payment and discharge of the association's lien on the lot in question; and payment, or what under the circumstances is tantamount thereto, by his direction to Bliss, the accredited solicitor and agent of the association, is equally effective. Beeby's check on The Chester National Bank was offered and accepted in lieu of the money, and if it had been presented within a reasonable time, the money it represented would have been received. It was the duty of Bliss to either turn over the check to the secretary of the association or draw the money and pay it over without unnecessary delay. By reason of his neglect to do either, the money was lost, without any fault of the plaintiff in error. As between him and the association the latter should bear the loss thus occasioned by the negligence of its own accredited attorney and agent.

It cannot, of course, be claimed that the receipt of Beeby's check was per se payment of the association's claim. It is well settled that, in the absence of an agreement to the contrary, a check or promissory note, of either the debtor or a third person, received for a debt, is merely conditional payment, that is, satisfaction of the debt, if and when paid; but the acceptance of such check or note implies an undertaking of due diligence in presenting it for payment, etc., and if the party from whom it is received sustains loss by want of such diligence, it will be held to operate as actual payment: 2 Pars. on Bills, 154; Freeholders v. Thomas et al., 5 C. E. Green, 39; McIntyre v. Kennedy, 29 Pa. 448, 455. It is on that principle alone that Beeby's check, delivered at the instance and for the benefit of Kilpatrick, can be regarded as a payment of the claim held by the association.

The averments contained in the affidavits of defence are quite sufficient to send the case to a jury.

Judgment reversed, and a procedendo awarded.