(16 Misc. Rep. 316.)

DOLON v. DAVIDSON.

(Supreme Court, Trial Term, Chautauqua County.   March, 1896.)

1. LIMITATION OF ACTIONS—WHEN STATUTE BEGINS TO RUN—ACTION ON CHECK.
   On the delivery of the check, the right to demand payment is complete, within Code Civ. Proc. § 410, providing that where a right exists, but a demand is necessary to entitle a person to sue, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete.

2. SAME—REASONABLE TIME TO PRESENT CHECK.
   Presentation of a check 14 years after delivery to the payee is not within a reasonable time.

Action by Margaret Dolon, as executrix, against John Davidson, on a check made by defendant.   Plaintiff was nonsuited, and moves for a new trial on the minutes.   Denied.

W. L. Sessions, for plaintiff.
James I. Fowler, for defendant.

LAUGHLIN, J.   This is an action by the payee against the drawer of a check which reads as follows:

"Jamestown, N. Y., December 12, 1880.

"Chautauqua County National Bank: Pay to the order of Mrs. Fox, or bearer, fifty dollars, on interest at six per cent. dollars; for value received. "$50.                                                     John Davidson."

The check was not presented to the bank for payment until the month of January, 1895,—upward of fourteen years after its delivery to the plaintiff's intestate.   Payment was then refused, on the ground that the defendant had no funds in the bank.   The plaintiff then notified the defendant that the check had been presented, and payment refused.   The bank upon which the check was drawn is solvent.   The answer pleads payment and the statute of limitations of six years.   Upon proving these facts, the plaintiff was nonsuited upon the trial, and now moves for a new trial upon the minutes.

Section 382 of the Code of Civil Procedure provides that an action upon a contract, except a judgment or sealed instrument, must be commenced within six years. Section 410 provides that where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete, with certain exceptions, not applicable to this case. Prior to the enactment of section 410 of the Code, the general term of this department, in the case of Brush v. Barrett, 16 Hun, 409 (an action by the payee against the drawer of a check), had held that the statute of limitations had run against a check which was not presented for payment within six years after its delivery, and an opinion to the same effect was written by Judge Barker at special term. The court of appeals affirmed that judgment upon a different ground (82 N. Y. 400), and observed that it was unnecessary to pass upon the point decided by the general and special terms. This was the latest exposition of the law at the time of the enactment of section 410 of the new Code. It is evident from the language of that section, as well as from Throop's note thereto, that it was not intended to change the law, but merely to clear away doubt, and compile 'it as it then existed, reducing it to a precise and accurate statement. Bronson v. Munson, 29 Hun, 60.

The check in question is presumed to represent an ordinary indebtedness on the part of the defendant to the plaintiff's intestate, then due and payable; but, under the rules of the law merchant, an action could not be brought against the drawer until after presentation of the check to the bank, and refusal by the latter to pay. The check did not constitute an assignment of any funds in the bank, if there were any at that time, as to which there is no evidence (Attorney General v. Continental Life Ins. Co., 71 N. Y. 327, 330); and the bank owed the payee of the check no obligation. The right existed in favor of the plaintiff's intestate to the payment by the maker of the $50 and interest immediately; but the demand of the payee and notice of nonacceptance were necessary for the convenience and benefit of the maker, and to relieve him of the cost and annoyance of a litigation, by affording him an opportunity to pay in case his depositary refused to accept the check. Smith v. Miller, 43 N. Y. 171–175; Bank v. Hughes, 17 Wend. 94–98; Knapp v. Greene, 79 Hun, 264, 267, 29 N. Y. Supp. 350; Wibur v. Warren, 104 N. Y. 192, 10 N. E. 263.

I am of the opinion that the statute of limitations has run against this action, both under the ruling of the general term in Brush v. Barrett, supra, on account of the failure of the plaintiff's intestate to present the check within six years, and also under section 410 of the Code, which, I think, should be construed as requiring that the time within which the action must be commenced must be computed from the time when the right to make the demand was complete. The right to make the demand was complete upon the delivery of the check, and the holder of a check should not be permitted to postpone indefinitely the liability of the maker, by omitting to present the check for payment. When the statute of limitations would be

a bar to an action on the indebtedness represented by the check, it should also bar an action on the check. Railroad Co. v. Collins, 3 Lans. 33; Bradford v. Fox, 38 N. Y. 289. The early ruling that, as between the drawer and payee of a check, the check must be presented within a reasonable time, or the drawer will be released to the extent of any damages he may have sustained, and that the burden is on the payee to show that the drawer has not sustained damages, was made before the enactment of the statute of limitations, and that phase of the question was not considered. Bank v. Hughes, 17 Wend. 94; ·Little v. Bank, 2 Hill, 425; Harker v. Anderson, 21 Wend. 382, 383; Smith v. Miller, 52 N. Y. 545–548; Murray v. Judah, 6 Cow. 490. If, however, the holder of a check is entitled to a reasonable time to present the same before the statute of limitations commences to run thereon, I think it must be held, as a matter of law, that a presentation after 14 years is not within a reasonable time. White v. Southerland, 2 Alb. Law J. 50; Reizenstein v. Marquardt, 75 Iowa, 294, 39 N. W. 506; Herrick v. Woolverton, 41 N. Y. 581, 589; Palmer v. Palmer, 36 Mich. 487; Lyle v. Murray, 4 Sandf. 594, 595; Stafford v. Richardson, 15 Wend. 304–306. The motion for· a new trial is denied, with costs.

Motion denied, with costs.