(128 App. Div. 131.)

DEHOUST v. LEWIS.

(Supreme Court, Appellate Division, Second Department.   October 16, 1908.)

1. BILLS AND NOTES — CHECKS — PRESENTMENT FOR PAYMENT — "REASONABLE TIME."

Under Negotiable Instruments Law (Laws 1897, p. 756, c. 612) § 322, requiring presentment of checks for payment within a reasonable time, where a check drawn on October 11, 1907, was received through the mail on October 12th, a "reasonable time" for presentation expired at the close of business on October 13th, under the general rule that a reasonable time for presentation of a check ends with the next day after it is dated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1091–1103.]

2. SAME—INDORSEMENT.

That the payee of a check indorsed it to a third person did not extend the reasonable time for presentment for payment as between drawer and payee.

3. PAYMENT—BURDEN OF PROOF.

Where, in an action on a pre-existing debt, defendant pleaded payment by a check which was not presented for payment until after the closing of the drawee bank, the burden was on defendant to show, not only delivery and acceptance of the check in payment, but loss to him through laches in presenting the check.

4. BILLS AND NOTES—ACTION ON CHECK.

In an action on a check, which was unpaid because of the payee's failure to present the same within a reasonable time and until after the closing of the bank, the burden is on the plaintiff to show that the drawer has suffered no loss by such laches.

5. PAYMENT—EVIDENCE.

Where, in an action on a pre-existing debt, defendant pleaded payment by check, and showed delivery and acceptance of the check, and that for 12 days thereafter all his checks had been paid, and he had throughout such period and up to the closing of the bank, before the check was presented, sufficient funds to meet the same, he sufficiently established loss by the payee's laches; it being presumed from the closing of the bank, in the absence of other proof, that it was insolvent, and that its insolvency continued.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Louis Dehoust against Samuel Lewis.  Judgment for defendant, and plaintiff appeals.  Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

David Siegelman, for appellant.
Charles Burstein, for respondent.

JENKS, J.·  This is an appeal from a judgment of the Municipal Court dismissing the complaint on the merits.   The action is for goods sold and delivered.   The answer alleged delivery of a check for the full amount of the claim.   At the trial the plaintiff rested on the pleadings.   By admissions and undisputed evidence the defendant showed that he drew such a check in favor of the plaintiff on October 11, 1907, dated that day, on the Borough Bank, which was received by the plaintiff on the morning of October 12, 1907; that the check was

deposited by an indorsee in the First National Bank on October 23, 1907; and that the parties and the Borough Bank reside in the same borough of the city of New York. The plaintiff did not offer any testimony in rebuttal, and at the close of the case each party moved for judgment.

Section 322 of the Negotiable Instruments Law (Laws 1897, p. 756, c. 612) provides:

"A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

The court was justified in the conclusion that the check was not presented within a reasonable time, for the general rule in such a case as this is that the reasonable time ends with the next day after the date of the check. Eaton & Gilbert on Commercial Paper, § 167; Wood's Byles on Bills, 19; Smith v. Janes, 20 Wend. 192, 32 Am. Dec. 527, cited in Carroll v. Sweet, 128 N. Y. 19, 22, 27 N. E. 763, 13 L. R. A. 43. Even although the check was not received through the mail until October 12th, nevertheless the reasonable time for presentation would only be extended until the expiry of October 13th. The fact that the payee indorsed the check to a third party did not extend the period of reasonable time, as between the drawer of the check and the payee. Daniel on Negotiable Instruments, § 1595, and cases cited; Carroll v. Sweet, supra. The mere delay in presentation of the check for payment did not discharge the drawer, save to the extent of his loss caused by it. Section 322, Negotiable Instruments Law; Carroll v. Sweet, supra; Eaton & Gilbert on Commercial Paper, § 167, citing Story on Promissory Notes, § 498.

As this action was upon the pre-existing debt for which the check was delivered, the defendant, pleading payment, must show delivery, acceptance, and loss to him through the laches in presentation of the check. Daniel, Neg. Inst. § 1588, citing Syracuse, B. & N. Y. R. R. Co. v. Collins, 3 Lans. 29, affirmed 57 N. Y. 641. The burden would have been upon the plaintiff to show that the drawer had not suffered loss by the laches if the action had been upon the check. Little v. Phenix Bank, 2 Hill, 425; Daniel, supra. I think, however, that the defendant sustained the burden, because he showed delivery, acceptance, that the bank closed its doors, but only 12 days after the receipt of the check by the payee, that all of his other checks had been paid, and that he had throughout the time intervening the drawing of the check and the closing of the bank, and at its close, sufficient funds to meet the check. The closing of the doors of the bank, without any other circumstances to refute such a conclusion, may well be taken as an act of insolvency, though such act is not conclusive. People v. Oriental Bank, 124 App. Div. 741, 109 N. Y. Supp. 509. And the presumption of insolvency continues. Lawson on Presumptive Evidence, p. 172, and cases cited. After the evidence put in by the defendant, it was incumbent upon the plaintiff, if he could, to meet it; otherwise, the defendant's case justified the judgment pronounced by the court. The check is, however, still extant, and in the hands of

the plaintiff, and may be presented at any time to the bank upon which it is drawn.

The judgment is affirmed, with costs. All concur.