(80 South. 405)

WALLACE v. CITY NAT. BANK OF DECA-
TUR. (8 Div. 141.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. BANKS AND BANKING ☞142 — CHECKS — LIABILITY OF INDORSER—RELIANCE ON INDORSEMENT.

Right of plaintiff bank which paid checks to defendant on his indorsement to recover of him on nonpayment by drawee bank is unaffected by plaintiff before payment telephoning to payee bank and being assured by it that the checks were good and would be paid.

2. BANKS AND BANKING ☞142 — CHECKS — LIABILITY OF INDORSER—TIME OF INDORSEMENT.

Right of plaintiff bank which paid checks to defendant to recover of him on nonpayment by drawee bank is unaffected by the fact that at the moment of payment the indorsements had not been actually made by him; they being made as part of the transaction in accordance with previous understanding.

3. BILLS AND NOTES ☞404(2)—CHECKS—LIA-
BILITY OF INDORSER — DILIGENCE IN FOR-
WARDING TO DRAWEE BANK.

Plaintiff bank satisfied its duty of diligence in presenting for payment checks drawn on a bank at another place by forwarding them to drawee bank on the same day.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Assumpsit by the City National Bank of Decatur against B. P. Wallace. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The action is on two checks drawn by one Camron on a Moulton bank payable to bearer and presented by the defendant as the holder to the plaintiff bank in Decatur about 10 o'clock on the morning of December 15th. Plaintiff paid the checks, which were indorsed by the defendant, and forwarded them to the drawee bank by the 4 o'clock p. m. mail, which reached Moulton between 4 and 7 o'clock the following afternoon. The several special pleas set up the defenses: (1) That plaintiff bank paid the check upon the assurance by phone from the payee bank that the checks were good and would be paid; (2) that plaintiff bank paid said checks without defendant's indorsement thereon; and (4) that plaintiff was negligent in not getting the checks to the drawee bank on the day of their payment when there were sufficient funds available for their payment. Demurrers were sustained to all the pleas except the fourth and issue being joined on it and the general issue the court sitting without a jury rendered a verdict for the plaintiff.

Tennis Tidwell, of Albany, and W. T. Lowe, of Decatur, for appellant.

Callahan & Harris, of Decatur, for appellee.

SOMERVILLE, J. The special pleas to which demurrers were sustained were manifestly bad.

[1] Pleas 2 and 4 seek to apply to a formal indorsement of commercial paper the doctrine of other controlling inducement, applicable in proper cases in actions for deceit. That principle has nothing to do with a contract of indorsement, and cannot qualify or defeat its voluntarily assumed obligations, whatever other extraneous assurances may have been received or precautions taken by the indorsee.

[2] So the fact that at the moment of payment the indorsements had not been actually made by defendant cannot affect their obligation. It is enough if they are made as part of the transaction, whether contemporaneously, or later in accordance with previous understanding.

[3] The duty of diligence in presenting the checks to the drawee bank at Moulton would have been fully discharged by forwarding it by the next day's post. Watt v. Gans, 114 Ala. 264, 21 South. 1011, 62 Am. St. Rep. 99. Here the holder bank forwarded it on the same day. Not only was it not required to catch the first post after 10 o'clock a. m., "but the rule of due diligence is satisfied if the check is forwarded by the last mail of the day after its receipt, and is presented at any time before the close of business on the day succeeding its receipt at the place of business of the drawee bank." 8 Corp. Jur. 543, 544.

We think the judgment of the trial court was correct, and it will be affirmed.

Affirmed.

MAYFIELD, SAYRE, and THOMAS, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes