## COLWELL *v.* COLWELL.

(179 Pac. 916.)

**Bills and Notes—Presentment of Check—Reasonable Time—Question for Court.**

1. Where the facts are admitted or conclusively established, question whether check was presented within a reasonable time is one of law to be decided by the court.

Bills and Notes—Checks—Presentment—Reasonable Time.

2. Where a check was delivered and accepted in the city where the drawee bank was situated, reasonable time for presentment expired at the close of the next business day.

Limitation of Actions—Checks.

3. Where a check was delivered and accepted in the city where the drawee bank was situated, the statute of limitations started to run at the close of the next business day in favor of the drawer of the check, although check was not presented to drawee bank until later, despite Section 6019, L. O. L., providing that drawer of check will be discharged from liability to the extent of loss occasioned by not presenting the check within reasonable time.

Bills and Notes—Rights of Payee—Necessity for Presentment.

4. Before an action can be maintained against a drawer upon a check, demand for its payment must be made from the drawee bank.

[As to burden of proof of loss by reason of delay in presenting check for payment, see note in Ann. Cas. 1913A, 1293.]

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 1.

The principal allegations of the complaint are here set down:

"That on or about the 14th day of March, A. D. 1907, the defendant made his check in writing, dated on the said 14th day of March, 1907, payable to the order of the plaintiff herein, and delivered the same to this plaintiff, which said check is in words and figures following, to wit:

" 'No. 680          Portland, Ore., March 14, 1907.
" 'MERCHANTS NATIONAL BANK
of Portland, Oregon.
" 'Pay to E. K. Colwell or order $1500.00 Fifteen hundred Dollars.
" '(Signed) GEO. L. COLWELL.'

"That said check was presented for payment on the 20th day of February, 1917, to the said Merchants' National Bank of Portland, Oregon, now doing business under the name of the Northwestern National Bank of Portland, Oregon, and payment of the same was refused, and the same was not paid, and the said defendant refused to honor or pay the same."

In addition thereto it is said that due notice of the dishonor of the check was given to the defendant; that it has not been paid and that the face thereof is due to the plaintiff. The court sustained the following demurrer to the complaint, that it does not state facts sufficient to constitute a cause of action against the defendant and that the action has not been commenced within the time limited by the laws of the State of Oregon. From the ensuing judgment the plaintiff appeals.                                          AFFIRMED.

For appellant there was a brief over the names of *Mr. Frank T. Collier* and *Mr. James L. Hope,* with an oral argument by *Mr. Collier.*

For respondent there was a brief over the name of *Messrs. Fulton & Bowerman,* with an oral argument by *Mr. Jay Bowerman.*

BURNETT, J.—It will be observed that the check was presented for payment nine years, eleven months and six days after its delivery to the payee. It was made in Portland, Oregon, and directed to a bank in the same city. Under these circumstances this court has laid down the rule in *Matlock* v. *Scheuerman,* 51 Or. 49 (93 Pac. 823, 17 L. R. A. (N. S.) 747, and note), thus:

"What is a reasonable time has been fixed by judicial decisions. As between the drawer and payee the rule is that, when the payee to whom the check is delivered receives it in the same place where the bank on which it is drawn is located, he may preserve recourse against the drawer by presenting it for payment at any time before the close of banking hours on the next day": citing 2 Daniel, Neg. Inst. (5 ed.), Section 1090.

A check is an instrument designed for use presently and not for a permanent investment. If A owes B a sum of money, the latter must commence his action within six years; but if A gives his check to B, this does not alter the circumstances in that respect beyond the requirement that the holder of the check must present it within a reasonable time. The statute declares that except upon a judgment or a sealed instrument an action must be commenced within six years upon "a contract or liability express or implied": Section 6, L. O. L.

This provision is for the benefit of the drawer as well as of any other party to a check. The instrument is one upon which a possible action may be founded. If the holder would avail himself of the benefit of the contract embodied in it, or if he would enforce his remedy upon it, he is bound to act within the period limited by law. An act necessary in this behalf is a presentment of the check to the bank upon which it was drawn. The law says this must be done in a reasonable time. Condensed from a note to *Aymar* v. *Beers,* 7 Cow. (N. Y.) 705 (17 Am. Dec. 538), which treats of the subject of reasonable time in relation to bills and notes, we find the following in 3 R. C. L. 1194:

"When an act is required or permitted to be done within a reasonable time, it has been the cause of much perplexity to the courts to determine whether the question, 'What is a reasonable time?' is one of law or one of fact. Undoubtedly it is highly desirable that the court should decide the question as one of law, where it can be done without trenching upon the province of the jury in determining mere matters of fact, in order to secure uniformity and certainty in the adjudication of causes. The great difficulty is that this question is generally found so complicated with the peculiar facts of each case that it is often impossible to separate it, and so, from necessity, the whole matter is left to the

jury. Where, however, from the simple, clear, and un-
disputed state of the facts, or from the similarity of
the case to others which have been decided, the court
can determine the question as it does other legal ques-
tions, by the application of settled principles and
general and uniform rules, it ought to do so. But
whenever the special facts and circumstances are such
that the court cannot, by the aid of any legal rule or
principle, decide upon the legal quality of the facts, it
is necessary that the jury should draw the inference
in fact, with reference to the ordinary course and prac-
tice of dealing, and the general principles of morality
and utility. Where the law itself prescribes what shall
be considered to be reasonable time in respec. to a
given subject, the question is one of law, and the duty
of the jury is confined to finding the simple facts.
Where, on the other hand, the law does not, by the
operation of any principle or established rule, decide
upon the legal quality of the simple facts, or *res gestae,*
it is for the jury to draw the general inference of rea-
sonable or unreasonable in point of fact. In such
cases, the legal conclusion follows the inference of
facts; in other words, the question as to reasonable
time, etc., is one of fact, and the time is reasonable or
unreasonable in point of law, according to the finding
of the jury in point of fact. Although in the class of
cases under consideration the question is sometimes
submitted to the jury as one of fact, the courts mani-
fest a strong inclination, generally, to treat it as one
of law for the sake of that uniformity of decision which
is deemed so necessary in all questions of commercial
law. But there is no lack of authority to the effect that
ordinarily the question is one for the jury's determina-
tion. The frequently approved rule is that where the
facts are in dispute, it is a question for the jury to de-
termine whether the note was presented in a reasonable
time to the maker for payment, so as to bind the in-
dorser; but that where they are ascertained it is a
question for the court, and cannot properly be sub-
mitted to the jury as a question of fact.''

There are many cases which hold that under all circumstances what is a reasonable time is a question of law for the courts. In respect to commercial paper, the authorities are practically unanimous on the proposition that where all the facts are ascertained, either by the pleadings or by special verdict, the court must decide the question as one of law. Discussing the subject in *Goltra* v. *Fenland,* 45 Or. 254 (77 Pac. 129), treating of a case involving the presentment of a claim to an administratrix, and whether or not she had a reasonable time within which to accept or reject it, Mr. Justice BEAN says:

"The more serious objection to the instruction, however, is that it left the question whether the defendant had a reasonable time after the presentation of the claim in which to allow or reject it as one of fact for the jury."

After mentioning the date of presentment as April 18, 1901, and the commencement of the action as September 28th following, the court says:

" * * So that it is admitted by the record that it was almost six months from the time of the presentation of the claim to the commencement of the action; and, as there was no reason offered by the defendant for her delay in not passing upon the claim, the question as to whether she had had a reasonable time in which to do so was for the court, and not for the jury. 'Generally what is a reasonable time,' says Mr. Justice STRAHAN, *in Fleischner* v. *Kubli,* 20 Or. 328 (25 Pac. 1086), 'when the facts are undisputed, is a question of law for the court.' The same rule is stated by Mr. Justice WOLVERTON in *Howell* v. *Johnson,* 38 Or. 571 (64 Pac. 659).

"It is undisputed that the claim was presented to the executrix by the 1st of April, and was in her possession six months later, when the action was commenced. This was clearly a reasonable length of time in which to determine whether she would allow or re-

ject it.    The court should have so declared as a matter of law, and not left the question for the jury."

The following authorities teach the same doctrine: *Hadduck* v. *Murray*, 1 N. H. 140 (8 Am. Dec. 43); *Mohawk Bank* v. *Broderick*, 13 Wend. (N. Y.) 133 (27 Am. Dec. 192); *Morse* v. *Bellows*, 7 N. H. 549 (28 Am. Dec. 372); *Utica Bank* v. *Bender*, 21 Wend. (N. Y.) 643 (34 Am. Dec. 281); *Ransom* v. *Mack*, 2 Hill (N. Y.), 587 (38 Am. Dec. 602); *Prescott Bank* v. *Caverly*, 7 Gray (Mass.), 217 (66 Am. Dec. 473); *Hill* v. *Hobart*, 16 Me. 164, 168; *Goodwin* v. *Davenport*, 47 Me.. 112 (74 Am. Dec. 478); *Phenix Ins. Co.* v. *Allen*, 11 Mich. 501 (83 Am. Dec. 756); *Walker* v. *Stetson*, 14 Ohio St. 89 (84 Am. Dec. 362); *Parker* v. *Reddick*, 65 Miss. 242 (3 South. 575, 7 Am. St. Rep. 646); *Turner* v. *Iron Chief Mining Co.*, 74 Wis. 355 (43 N. W. 149, 17 Am. St. Rep. 168, 5 L. R. A. 533, and note); *Anderson* v. *Gill*, 79 Md. 312 (29 Atl. 527, 47 Am. St. Rep. 402, 25 L. R. A. 200); *Moxley* v. *Moxley*, 59 Ky. (2 Met.) 309, 311; *McFadden* v. *Henderson*, 128 Ala. 221 (29 South. 640); *Johnson* v. *Arrigoni*, 5 Or. 485; *Collins* v. *Keller*, 62 Or. 169 (124 Pac. 681).

There are many cases in our own reports, such as *Hindman* v. *Rizor*, 21 Or. 112 (27 Pac. 13), *Low* v. *Rizor*, 25 Or. 551 (37 Pac. 82), *Nevada Ditch Co.* v. *Bennett*, 30 Or. 59 (45 Pac. 472, 60 Am. St. Rep. 777), and *Seaweard* v. *Pacific Live Stock Co.*, 49 Or. 157 (88 Pac. 963), which announce that what is a reasonable time is a question of fact under all the circumstances of the case.    These, however, were equity cases.    The question was what was a reasonable time in which an appropriator of water could employ the same for a beneficial purpose and the court itself decided whether the time described by the evidence was reasonable or otherwise.    It can matter little in such cases whether it

be treated as a question of fact or of law, or of mixed law and fact, because the whole controversy is decided by the court. It is important that the law of commercial paper, affecting so strongly, as it does, the business of the country, should be as certain as possible. Besides this, in ordinary commercial paper transactions, the essential facts are much more nearly uniform than in others like, for instance, the useful application of water, and call for more definite standards. For such reasons, the decisions have narrowed the rules until the result is that where the facts are admitted or established beyond dispute, the court must apply the law. Hence we say that since the facts in the present case are admitted by the demurrer, it is for the court to say as a matter of law what was the reasonable time necessary to be observed. The case upon the record is equivalent to one where a jury had returned a special verdict in the language of the complaint, making it incumbent upon the court to render the proper judgment thereon.

1–3. We do not decide that in all cases, without exception, the question of reasonable time is purely one of law. Even as affecting commercial paper, controversies about the facts often may arise, making the issue one of mixed law and fact to be decided by the jury under proper instructions by the court. The principle governing such a case as this is that when the facts are admitted or conclusively established, the court should declare the law resulting from those facts in respect to the reasonableness of the time involved.

When, therefore, as appears on the face of the complaint before us, the check was delivered and accepted in the city where the drawee bank is situated, the reasonable time expired at the close of the next business day, as stated in *Matlock* v. *Scheuerman*, 51 Or. 49

(93 Pac. 823, 17 L. R. A. (N. S.) 747). If beyond that the holder delays presentment for six years, the statute of limitations, considered as one of repose, stills any effort to enforce the liability of the drawer. The holder cannot thus keep the check indefinitely as a menace to the drawer in defiance of the law requiring presentation within a reasonable time and thus extend the statute of limitations *ad libitum.* Consequently, presentment is mandatory and cannot be dispensed with, so that if more than six years have been allowed to lapse where all parties, including the drawee, are in the same city, no action can be maintained upon a presentment made after that time. ·

The principle is thus expressed in 17 R. C. L. 727:

"The period of time after which the right to bring suit on a check is usually barred, is five or six years after the expiration of a reasonable time for presenting the check for payment."

It is so directly decided in *Scroggin* v. *McClelland,* 37 Neb. 644 (56 N. W. 208, 40 Am. St. Rep. 520, 22 L. R. A. 110). The same doctrine is taught in *Dolon* v. *Davidson,* 39 N. Y. Supp. 394 (16 Misc. Rep. 316). In that case, indeed, there was involved a statute computing the period of limitation from the time when the right to make a demand arose where a demand was necessary to sustain an action, but the court held that the enactment was no more than a codification of the previous rule.

4. Before an action can be maintained against a drawer upon a check, demand for its payment must be made upon the drawee bank. Such demand, however, cannot be deferred indefinitely. That a demand necessary to support a cause of action must be made within the statute of limitations is taught in the cases here

noted: *Morrison's Admr.* v. *Mullin,* 34 Pa. St. 12; *Clements* v. *Lee,* 8 Tex. 374; *Thompson* v. *Whitaker Iron Co.,* 41 W. Va. 574 (23 S. E. 795); *Cadman* v. *Rogers,* 10 Pick. (Mass.) 112; *Palmer* v. *Palmer,* 36 Mich. 487 (24 Am. Rep. 605); *Moherin* v. *San Francisco Produce Exchange,* 117 Cal. 215 (48 Pac. 1074); *First National Bank* v. *King,* 60 Kan. 733 (57 Pac. 952); *Sheaf* v. *Dodge,* 161 Ind. 270 (68 N. E. 292); *Hitchcock* v. *Cosper,* 164 Ind. 633 (73 N. E. 264); *Grotefend* v. *May,* 33 Cal. App. 321 (165 Pac. 27); *Caner* v. *Owner's Realty Co.,* 33 Cal. App. 479 (165 Pac. 727); *Purcell Bank & Trust Co.* v. *Byars* (Okl.), (167 Pac. 216); *Douglas County* v. *Grant County,* 98 Wash. 355 (167 Pac. 928).

The plaintiff relies on Section 6019, L. O. L.:

"A check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

—and contends that the only relief for the drawer is to recoup any damage he may have suffered by the delay in presenting the check. This provision must be taken, however, in connection with other equally cogent rules on the subject of limitations already noted and must be construed so that both shall stand. We conclude that the excerpt quoted refers to conditions and delays happening before the six-year period of limitations expires. Under this section, the effect of delay not extended beyond the statute of limitations is to release the drawer of a check only to the extent of the damages he has suffered; but another result is that if presentment is postponed beyond the six-year period fixed by law, and no excuse for it is shown, he is discharged by operation of the statute of limitations.

The plaintiff by failing to make the necessary demand on the bank within the statute of limitations allowed her claim on the defendant to lapse.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.

---

Motion to dismiss appeal denied January 29, rehearing denied February 19, 1918, argued on the merits February 27, reversed March 25, rehearing denied April 22, 1919.