# Integrity Trust Co., Appellant, *v.* Lehigh Avenue Business Men's B. & L. Assn.

*Banks and banking—Checks—Negotiable instruments—Defective endorsement—Guaranty—Failure to present in time—Affidavit of defense.*

Where a check was irregularly endorsed and payment refused for that reason and shortly after the bank failed, an affidavit of defense, in an action on the check, by the holder against the drawer, which avers that "plaintiff was grossly negligent in not collecting the check before the close of the full business day next succeeding that on which it was given to plaintiff, to wit, July 14th; that had the check been presented for payment......, properly endorsed, in accordance with the usual banking customs, on July 15, 1919, it would have been paid, as the balance standing to the credit of the defendant in the said bank on that day was" sufficient to pay the check, will prevent the entry of judgment.

Argued March 25, 1920. Appeal, No. 270, Jan. T., 1920, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1919, No. 7764, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Integrity Trust Co. v. Lehigh Avenue Business Men's Building & Loan Association. Before BROWN, C. J.,

MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit by holder of check against maker.

Rule for judgment for want of a sufficient affidavit of defense. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

The court discharged the rule for judgment: see 29 Pa. Dist. R. 143. Plaintiff appealed.

*Error assigned* was order discharging rule.

*Frederick L. Breitinger,* for appellant.

*Palmer Watson,* for appellee.

PER CURIAM, May 3, 1920:

On July 14, 1919, there was delivered to the plaintiff, the Integrity Trust Company, a check of the defendant, for $4,500 drawn against its deposit with the North Penn Bank, which at the time was in excess of $5,000. In delivering it to the trust company the payee endorsed it as follows: "Pay to the order of The Integrity Title Insurance & Trust Co." In March, 1919, the plaintiff company had changed its corporate name from the Integrity Title Insurance, Trust and Safe Deposit Company to Integrity Trust Company. On the same day the check was delivered to the plaintiff it was deposited for collection in the First National Bank, of Philadelphia, bearing the following endorsement: "Pay to the order of Bank, Banker or Trust Co. All prior endorsements guaranteed July 14, 1919. Integrity Trust Company, Philadelphia." Upon presentation of the check to it, on July 15, 1919, the North Penn Bank refused payment, on the ground of improper endorsement, and demanded a correct endorsement. On July 17th, two days later, the check was again presented, bearing this endorsement: "Pay to the Order of Any Bank, Banker

or Trust Co. All prior endorsements guaranteed July 16, 1919. Integrity Trust Company, 3-74 Philadelphia 3-74 Herman Wischman, Treas." On the second presentation the bank offered to pay the appellee's check by issuing a check of its own on another bank, but this was refused by the collecting bank. The next day the North Penn Bank closed its doors, and the check remains unpaid. The twelfth paragraph of the affidavit of defense avers that "the plaintiff was grossly negligent in not collecting said check for $4,500 before the close of the full business day next succeeding that on which it was given to the plaintiff, to wit, July 14th; that had the check been presented for payment at the North Penn Bank, properly endorsed, in accordance with the usual banking customs, on July 15, 1919, it would have been paid, as the balance standing to the credit of the defendant in the said bank on that day was $5,388.66." This called for a discharge of the rule for judgment for want of a sufficient affidavit of defense, and the appeal from the order discharging it is dismissed.