## Integrity Trust Co., Appellant, *v.* Lehigh Ave. Business Men's Building & Loan Assn.

*Banks and banking—Checks — Endorsements — Presentation — Name.*

1. Where a bank accepts a check, though endorsed to it in other than its exact corporate title, it assumes the duty of endorsing and collecting it in the way prescribed by law and the usage of banks.

2. If it fails in this duty it must bear whatever loss results.

3. If a check is not presented within a reasonable time after it is issued, the drawer will be discharged from liability thereon, to the extent of the loss caused by the delay.

4. Where payee and drawee are in the same city, presentation must be made on the day the check is received or on the day following.

5. A drawee bank is not obliged to pay a check to a holder thereof unless his title thereto is clearly shown by each successive endorsement being in the name theretofore appearing on the instrument.

6. Where the name of a payee or endorsee is wrongly designated or misspelled, he may endorse the instrument as therein described and add his proper signature, if he thinks fit so to do.

7. It is immaterial what motive a payee bank may have had for refusing to pay a check, if it could not be compelled to pay it because it was not properly endorsed.

Argued January 11, 1922.  Appeal, No. 132, Jan. T., 1922, by plaintiff, from judgment of C. P. No. 3, Phila. Co., June T., 1919, No. 7764, on verdict for defendant, in case of Integrity Trust Co. v. Lehigh Avenue Busi-

ness Men's B. & L. Assn. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit on a check. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned,* inter alia, was binding instruction for defendant, quoting the record.

*Frederick L. Breitinger,* for appellant.—The conduct of the payor bank at the second presentment operated as a dishonor of the check and established the liability of the drawer: United Security L. Ins. Co. v. Bank, 185 Pa. 586; Rosenbaum v. Hazard, 233 Pa. 206.

Notice of dishonor, if essential, was given in due time: Case v. Morris, 31 Pa. 100.

*Palmer Watson,* for appellee.—The endorsements on the check at the time of its second presentation did not make it negotiable: Nat. State Bank v. Weil, 141 Pa. 457.

The insolvency of the North Penn Bank did not excuse appellant from giving notice of dishonor: Gibbs v. Cannon, 9 S. & R. 198.

OPINION BY MR. JUSTICE SIMPSON, February 6, 1922:

On a prior appeal in this case, reported in 267 Pa. 392, we affirmed the court below in refusing to enter judgment for plaintiff for want of a sufficient affidavit of defense, and remitted the case for trial. The facts were agreed upon, a verdict was directed for defendant, judgment entered thereon, and this appeal followed.

On March 4, 1919, plaintiff changed its corporate name from Integrity Title Insurance, Trust and Safe Deposit Company, to Integrity Trust Company. On July 14, 1919, in the course of a settlement for the purchase

of a property, the title to which plaintiff was insuring to one Sarah Brown as grantee and to defendant as mortgagee, and also paying the purchase price to the grantor, she tendered to plaintiff, as part of such price, a check of defendant on the North Penn Bank, drawn to her order and endorsed by her to the Integrity Title Insurance and Trust Company, which, it will be noticed, was neither its original nor its present name. It had the right, of course, either to reject the check or to accept it; if the latter, it assumed the duty of endorsing and collecting the check in the way prescribed by law and the usage of banks. It accepted the check, endorsed it "Integrity Trust Company," deposited it for collection in the First National Bank, which delivered it, for like purpose, to the Federal Reserve Bank, whose runner, on July 15, 1919, presented it to the drawee for payment. This was refused because the endorsement was not made in the name of "The Integrity Title Insurance and Trust Company." On the return of the check, though fully advised of the objection of the drawee bank, plaintiff reëndorsed it exactly as before, adding, however, "Absence of endorsement guaranteed." After passing through the same channels, it was again, on July 17, 1919, presented to the drawee for payment, and this was again refused for the same reason. The drawee, however, offered to accept it and give in payment an uncertified check of its own, drawn on the Union National Bank; this the runner of the Federal Reserve Bank would not accept and the drawee thereupon definitely refused to pay defendant's check in the form in which it was then endorsed. On the next day, July 18, 1919, the drawee failed, and on July 22, 1919, plaintiff notified defendant of the dishonor of the check. The court below held that the loss had been caused by plaintiff's erroneous methods of endorsing the check, and for this reason directed the verdict for defendant.

We think the case was properly decided. By section 186 of the Negotiable Instruments Law of May 16, 1901,

P. L. 194, it is provided that "A check must be presented for payment within a reasonable time after it is issued, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." That plaintiff had more than a reasonable time, in the present instance, is evident from the fact that the check was actually presented on two different days; aside from which the law is clear that, since plaintiff and the drawee bank were in the same city, its duty was to present the check either on the day it was received or on the day following: National State Bank v. Weil, 141 Pa. 458; Loux v. Fox, 171 Pa. 68; Willis v. Finley, 173 Pa. 28. This it did not do.

Of course the presentation of a check not properly endorsed, is not such a presentation as is contemplated either by the statute or the law merchant. Plaintiff knew, and it knew also that the drawee was not obliged to honor the check unless the title of the holder was clearly shown by each successive endorsement being in the name theretofore appearing on the instrument. Section 43 of the Negotiable Instruments Law expressly provides a method of procedure in this class of cases. It says: "Where the name of a payee or endorsee is wrongly designated or misspelled he may endorse the instrument as therein described, adding, if he think fit, his proper signature." Recognizing the fact that it should have pursued this course, and, if it had, defendant and not it would have had to bear the loss, if the drawee had nevertheless refused to pay the check, plaintiff claims that this provision of the statute is permissive and not mandatory; but this contention, even if true, is beside the question. As already stated, plaintiff knew the drawee was not obliged to pay the check to any other party than the one entitled to receive it as appearing by the instrument itself. Knowing this, it persisted in retaining the check and endorsing it in such a way that payment could not be compelled. This was inexcusable. It may well be that the drawee bank knew the endorse-

ment to "Integrity Title Insurance and Trust Company" was intended for plaintiff, as in fact it was, and had an ulterior motive in refusing the payment; but this also is immaterial, the question here being: Did plaintiff, within a reasonable time after receiving the check, do all it was required to do in order to enable it to enforce payment? As it did not, it must bear the resulting loss.

The judgment of the court below is affirmed.