(No. 4945.   May 12, 1928.)

ROBERT   CAMPBELL,   Respondent,   v.   KENNETH SHARK, Appellant.

[267 Pac. 458.]

Bothwell & Chapman, for Appellant.

Turner K. Hackman, for Respondent.

ENSIGN, Commissioner.—This is an action brought by plaintiff, the respondent here, to recover from defendant, the appellant, the agreed price of a quantity of hay in the sum of $251 and interest from March 10, 1925; plaintiff alleging that said sale of hay took place between the first and tenth days of March, 1925, and that defendant promised to pay said sum, but has not paid the same or any part thereof.

Defendant by answer admits the sale and delivery of the hay; also the agreed price thereof and his promise to pay the same, but alleges payment on the 10th of March, 1925, by check on the First National Bank of Buhl, Idaho, where he had sufficient funds in said bank to pay it. Defendant further avers that said bank closed its doors for business on or about the nineteenth day of March, 1925, and before plaintiff presented said check for payment; that plaintiff was and is a resident of Buhl, Idaho; that said check was delivered to plaintiff by defendant at Buhl, Idaho, on the tenth day of March, 1925, and that the plaintiff did not present the same to said bank for payment within a reasonable time, all of which defendant alleges has caused his damage in the amount of the check.

The cause was tried by the court and jury. A verdict was rendered in favor of the plaintiff for the full amount as prayed for and a judgment entered accordingly, from which judgment this appeal is taken.

Error is assigned as to the admission in evidence of Exhibit "A," purporting to be a certificate of proof of claim of one M. G. Heilman, a person in no way connected with this action, by one E. P. Dunlap, receiver of the First National Bank of Buhl, Idaho, also not a party to this action, to the effect that said Heilman is a creditor of said bank in a certain sum therein named, with a statement on the back of said certificate that a first dividend of fifteen per cent has been paid on the within claim.

Appellant objected to the admission of said exhibit on the ground of improper identification; also that it was incompetent, irrelevant and immaterial, and in no way connected defendant with knowledge of the matter of dividends being declared by the receiver, and also that it was not proper rebuttal. Appellant on direct and cross-examination testified that he had not received any dividend or any sum of money from the defunct bank; said exhibit being offered in rebuttal of said testimony.

We think appellant's objections were well taken and that its admission was error. Its identification was not sufficiently established, it was not proper rebuttal and clearly incompetent for the purpose for which it was offered, and prejudicial to appellant.

Appellant also assigns as error the giving of the following instruction to the jury:

"The court further instructs the jury that if they believe from the evidence that, after the closing of the bank, upon which the check introduced in evidence was drawn, the defendant promised to pay plaintiff the amount due on a purchase of hay, then and in that event the plaintiff is entitled to recover regardless of the fact whether or not said check was presented for payment to the bank upon which it was drawn before said bank closed its doors, or ceased further banking business."

The record shows that the check in question was given to respondent on March 14, 1925, with sufficient funds in the bank to pay it; that said check was not presented by respondent for payment, and that said bank thereafter, to wit, on the nineteenth day of March, 1925, closed its doors for business; that both of the parties were residents of the same town in which the bank was located and in which the transaction occurred. The foregoing facts are not in dispute. Reference to the testimony of appellant and respondent shows that subsequent to the closing of the bank the parties had some conversations, in one of which respondent testified that appellant (denied by appellant) promised and agreed to pay respondent the purchase price of the hay as represented by the check; respondent asserting that he would not have permitted appellant to remove the balance of the hay had he not made such promise.

"A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." (C. S., sec. 6053.)

"Where no question of fact is in dispute, the determination of what is reasonable diligence in presenting a check for payment, in order to discharge the drawer, is one of law for the court." (*Bistline Lbr. Co. v. Benting*, 39 Ida. 534, 228 Pac. 309; *Colwell v. Colwell*, 92 Or. 103, 4 A. L. R. 876, 179 Pac. 916.)

██ Under the provisions of sec. 6053, *supra*, and authorities cited thereunder, it is the duty of the holder of a check to present the same for payment within a reasonable time or the drawer's liability thereon will be discharged to the extent of his loss caused by the delay, and where no question of fact pertaining thereto is in dispute, what constitutes reasonable diligence of the holder shall be determined by the court as a matter of law.

██ Where a check is delivered and accepted in the same locality in which the drawee bank is located, in the absence of clearly excusable circumstances and conditions, five days after the delivery of the check constitutes an un-

reasonable time within which to present the same for pay-, ment, or at least to deposit it in the payee's own bank for collection, and the failure to present the check within five days as herein indicated amounts in law to an unreasonable delay, and will relieve the drawer from liability to the extent of the loss caused. (*Colwell v. Colwell, supra; Integrity Trust Co. v. Lehigh Ave. Business Men's Bldg. & Loan Assn.,* 273 Pa. 46, 21 A. L. R. 1554, 116 Atl. 539, 540; 8 C. J., 753; *Dorchester v. Merchants Nat. Bank,* 106 Tex. 201, 163 S. W. 5; *Furber v. Dane,* 203 Mass. 108, 89 N. E. 227; *Dehoust v. Lewis,* 128 App. Div. 131, 112 N. Y. Supp. 559; *Wallace v. City Nat. Bank,* 202 Ala. 323, 80 So. 405.)

Respondent urges that appellant's promise, if such were made, to pay the check, after he had knowledge of respondent's laches, and of his own loss, amounts to a waiver of the defense of failure to present the check within a reasonable time, upon the same ground that an indorser of a negotiable instrument, who has been discharged from liability thereon, because of lack of presentment or notice of dishonor, is held to have waived such requirements by a subsequent promise, with knowledge of the facts, to pay the instrument. (2 Daniel, Neg. Inst., 6th ed., sec. 1147 et seq.) But this action is not brought to recover upon the check, and we think it unnecessary to consider what would be the rule if such were the action.

This suit is upon the original obligation. Defendant's acceptance of the check did not in the first instance constitute payment, it not being shown that there was any agreement that it be taken as an absolute payment. (30 Cyc. 1208.) His acceptance of the check implied an undertaking to use due diligence in presenting it for payment, and giving notice of dishonor, and if the appellant sustained loss by want of such diligence, it would be held to operate as payment of the original indebtedness, at least to the extent of appellant's loss. (Ibid., 1209; 2 Benj. Sales, 4th Am. ed., sec. 1083; *Taylor v. Wilson,* 11 Met. (Mass.) 44; *Sweet v. Titus,* 4 Hun (N. Y.), 639; *Kilpatrick v. Home Bldg. & Loan Assn.,* 119 Pa. 30, 12 Atl. 754;

*Blair v. Wilson,* 28 Gratt. (Va.) 165; *Brown v. Cox,* 202 Iowa, 1244, 211 N. W. 891.) Whatever might be the result if the action were brought upon the check itself, governed by the rules applicable to negotiable instruments, it seems clear that the original obligation was paid when, and in so far as, the respondent so treated the check as to cause it to operate as payment; and that there was no consideration to support the subsequent promise to pay the original obligation, if it were made.

It is the contention of the respondent that appellant could not defend upon this ground without proving actual loss by reason of the nonpayment of the check, and in support thereof quotes this court in *Sims v. Hunter,* 44 Ida. 505, 258 Pac. 550, in which it was held that the burden is upon the drawer of a check seeking to avoid liability thereunder, because of unreasonable delay. Here the defendant proved that he had funds in the bank sufficient to pay the check at the time it was drawn, and continuing up to the time the bank ceased business, and that he received no dividends. We think this sufficient evidence of loss. (*Dehoust v. Lewis, supra.*)

The instruction complained of was erroneous. Appellant's motion for a directed verdict in his favor should have been granted, and we recommend that the judgment be reversed, with directions to dismiss the action, and that costs be awarded to appellant.

Varian and Brinck, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the judgment is reversed, with directions to the trial court to dismiss the action. Costs to appellant.