## Tolen v. Chalmers

*Edward Tolen,* for plaintiff; *Frank A. Chalmers,* for defendant.

LEWIS, J., October 14, 1933.—The defendant, by statutory demurrer, challenges plaintiff's right to recover on the facts alleged in the statement of claim. We are satisfied that no right of recovery exists. The parties are both members of our bar. It is averred in the statement of claim that on September 29, 1931, they agreed, to settle certain differences between their respective clients, that plaintiff's client should pay defendant's client the sum of $100. On September 30, 1931, plaintiff forwarded to defendant his check for $50 accompanied by a letter promising to pay the balance of $50 on the following Monday, Octo-

ber 5th. It is averred that defendant refused to accept the check but did not return it to plaintiff until October 8th. In the interim (October 5th) the Franklin Trust Company, on which the check was drawn, closed its doors. The suit here is to recover the amount of the check.

Plaintiff predicates defendant's liability on section 186 of the Negotiable Instruments Act of 1901, P. L. 194, which provides that "A check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." The answer to this contention is that neither the payee or any other person is seeking to enforce payment on the check and that this provision of the Negotiable Instruments Act can apply only when the check is accepted and not when it is refused.

As is stated by Mr. Justice Simpson in Integrity Trust Co. v. Lehigh Avenue B. M. Bldg. & Loan Ass'n, 273 Pa. 46, 48, "It [the payee] had the right, of course, either to reject the check or to accept it; if the latter, it assumed the duty of endorsing and collecting the check in the way prescribed by law and the usage of banks."

There would be no logic in holding that a payee is responsible for the failure to present a check to the bank on which it is drawn within a reasonable time when and if he stated beforehand he would not accept the check and therefore, impliedly, that he would not present it at all.

Plaintiff therefore is in the position of being obliged to resort to some other fact upon which to rest defendant's liability, and the only fact that suggests itself is defendant's failure to return the check to plaintiff before October 8, 1931. It is to be noted that if any liability can be predicated on that fact its basis is negligence, and the action should have been in trespass. We will not, however, permit this breach of practice to influence our conclusion. Under any circumstances, there must be a relation between the alleged negligent act and the injury, and the loss must flow directly from that act. No such situation is disclosed by the statement of claim before us. There is no relation between defendant's failure to return the check sooner and the closing of the Franklin Trust Company, nor does plaintiff show any damage to have resulted from such failure. The bank was plaintiff's depositary. The moneys on deposit were plaintiff's to do with as he wished, particularly so when defendant informed him that the check was not accepted. He could have drawn on the fund on deposit. The defendant's retaining the check in no way affected plaintiff's freedom of action in that regard, and the return of it would in no way have facilitated it. Certainly the closing of the bank was in no way due to that. Neither the failure of plaintiff to withdraw his deposit nor the closing of the bank can in any way be traceable or attributable to the defendant's delay in returning the check.

We have assumed in this opinion that defendant's refusal to accept the check was communicated to plaintiff prior to the closing of the bank. We think that this is a fair implication from the allegations of plaintiff's statement, particularly when we consider that plaintiff is himself a lawyer and presumably trained to plead the pertinent facts most strongly in his favor. Lest, however, there should be any doubt as to the fact referred to, plaintiff should have an opportunity to amend.

The question of law raised by the affidavit of defense is decided in favor of the defendant, with leave to plaintiff to amend his statement of claim within 15 days, in default of which the clerk is directed to enter judgment for the defendant.