PER CURIAM.
This is an appeal by the defendant below from an adverse judgment for money damages granted in a suit on open account. Plaintiff was an engineering firm which over a period of years was employed to render professional services incident to construction projects on which the defendant acted as architect. It appears that in 1957 the parties agreed on a statement of account.
The defendant pleaded the statute of limitations, contending the one year statute relating to wages was applicable (§ 95.11(7) (b), and in the alternative relied on the three year statute, relating to parol contracts (§ 95.11(5) (e). The matter was heard by the court without a jury and judgment was entered in favor of the plaintiff for $12,590 with interest and costs.
In contending for the one year statute of limitations, appellant argues the claim of the engineering firm was for wages. In support thereof appellant points to the circumstance that the records disclose that in setting their charges they took into consideration the time spent by their employees calculated on an hourly wage basis. We view that circumstance as not controlling. The fact that an engineering firm, or other firm such as a law firm, may for its own purposes consider allocating an hourly wage rate to a partner or employee who performs the work, in arriving at the ultimate fee which will be charged for the firm’s services, does not convert those services into wages. See Patten Package Co. v. Houser, 102 Fla. 603, 136 So. 353; Bowen v. Johnson, 221 Minn. 99, 21 N.W.2d 225. It follows that the trial judge was correct in rejecting the argument that the one year statute of limitations barred the action.
The trial judge also correctly ruled that the three year statute of limitations was not a valid defense. The payment which is claimed by the appellee to have tolled the running of the statute was by check dated February 16, deposited February 23 and paid February 24, 1959. The suit was filed February 23, 1962. The appellant contends the three year statute should operate as a bar, on the theory that payment should be considered as having been made when the check of February 16, 1959, was received, or within a reasonable time consisting of a period of a few days only thereafter, and therefore that more than three years elapsed between the time of such payment and the time of commencement of the suit. The argument is sound,[1] but is not applicable for the reason that although the check is shown to be dated February 16, and to have been deposited on February 23, 1959, there is nothing in the record to show the date on which the check was delivered or received. It may have been delivered on the 16th or some other date intervening. Then again, it may have been delivered as late as the 23rd, the day it was deposited. In the absence of evidence on that point we would not be justified in holding the trial judge in error for concluding the three year statute of limitations did not bar the action.
*782 A further contention made by the appellant in the trial court and here was that the charges of the engineering firm were for separate transactions in which the architect had hired the engineers on different jobs, and that there was no statement of account in 1957 as contended for by the appellee. The trial judge was entitled to weigh the evidence on those controverted issues and decide them. While he made no findings it was essential and inherent in his judgment that the trial judge decided such issues in favor of the plaintiff, as was his prerogative as the trier of the facts.
No reversible error having been made to appear, the judgment appealed from should be and hereby is affirmed.
Affirmed.

. See Colwell v. Colwell, 1919, 92 Or. 103, 179 P. 916, 4 A.L.R. 876 (Annot. 881); 34 Am. Jur., Limitation of Actions, § 154.